Present:  All the Justices

SEYFARTH, SHAW, FAIRWEATHER & GERALDSON

                       OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.   Record No. 961021          January 10, 1997

LAKE FAIRFAX SEVEN LIMITED PARTNERSHIP, ET AL.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
M. Langhorne Keith, Judge

In this appeal, we consider whether a law firm that filed an action to collect legal fees from a former client is required to establish with expert testimony that the fees charged to the former client were reasonable.  This appeal is presented to us in an unusual procedural posture in that the trial court sustained the defendants' motion to strike the plaintiff's evidence at the conclusion of the opening statements.

The law firm, Seyfarth, Shaw, Fairweather & Geraldson, a limited partnership, filed its motion for judgment against Lake Fairfax Seven Limited Partnership and Thomson M. Hirst, individually, alleging the following.  The law firm was retained by the defendants to provide legal services related to a lease dispute between the defendants and a third party.  The law firm executed a written "retainer agreement" with Lake Fairfax Seven Limited Partnership, and Hirst personally guaranteed payment of the legal fees.  The retainer agreement specified hourly rates for the various attorneys who would perform the legal services.

The law firm "properly billed the [d]efendants on a monthly basis at [the law firm's] ordinary and customary

hourly rates for services rendered, as well as for incurred costs and disbursements.  The retainer agreement expressly obligate[d] the [d]efendants to make full payment within 30 days from receipt of each monthly statement."  The defendants discharged the law firm without cause, the law firm properly billed the defendants for services rendered as well as incurred costs and disbursements, and the defendants have refused to make full payment on the outstanding bills, leaving a balance due of $81,377.90.  A copy of the written contract was attached as an exhibit to the motion for judgment.

The trial court entered a pretrial conference order which required, among other things, that the law firm identify its expert witnesses at least 90 days before trial.  On the morning of trial, after counsel had made their opening statements to the jury, the defendants' counsel informed the court that the law firm had not identified any person who would render expert opinions at trial.  The defendants asserted that the law firm was required to present expert testimony to establish the reasonableness of the fees charged and that the law firm could not do so because it had not identified an expert witness within the time prescribed in the pretrial order.  The defendants' counsel, recognizing that his action was "a little premature," nevertheless filed with the court a written motion to strike the plaintiff's evidence.

The law firm asserted that it was not required to

present expert testimony to establish the reasonableness of the legal fees. After the litigants argued their respective positions, the trial court recessed, reviewed the written memorandum in support of the motion to strike, and subsequently granted the motion. The trial court entered a final order in favor of the defendants, and we awarded the law firm an appeal.

The law firm argues that the trial court erred by granting the defendants' motion to strike the law firm's evidence at the conclusion of opening statements. We agree.

We are of opinion that a trial court should not grant a motion to strike the plaintiff's evidence before the plaintiff has had an opportunity to present evidence in support of the allegations in the motion for judgment. Indeed, we have stated on several occasions that we disapprove the grant of motions which "short circuit" the legal process thereby depriving a litigant of his day in court and depriving this Court of an opportunity to review a thoroughly developed record on appeal. See CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993); Renner v. Stafford, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993); Carson v. LeBlanc, 245 Va. 135, 139–40, 427 S.E.2d 189, 192 (1993). We hold that the trial court erred by granting the motion to strike at the conclusion of the litigants' opening statements.

Next, the law firm argues that the trial court erred in ruling that the law firm was required to present expert

testimony establishing the reasonableness of the total fees and expenses. The defendants do not contest the reasonableness of the hourly rates specified in the retainer agreement; rather, the defendants contend that the law firm expended an unreasonable amount of time in the performance of legal services and, therefore, the total amount of fees charged was unreasonable. The defendants assert that the law firm was required to present expert testimony to establish the reasonableness of the total fees. We agree with the law firm.

An attorney who seeks to recover legal fees from a present or former client must establish, as an element of the attorney's prima facie case, that the fees charged to the client are reasonable. The attorney, however, is not required to prove the reasonableness of the fees with expert testimony in all instances.

In Mullins v. Richlands National Bank, 241 Va. 447, 403 S.E.2d 334 (1991), we considered whether a bank that had recovered attorney's fees against several defendants, as permitted by provisions in promissory notes, was required to prove that the attorney's fees that the bank incurred to collect the debt were reasonable. There, we stated:
> "In determining a reasonable fee, the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. . . . Ordinarily, expert testimony will be required to assist the fact finder."

Id. at 449, 403 S.E.2d at 335.

In Tazewell Oil Company v. United Virginia Bank, 243

Va. 94, 413 S.E.2d 611 (1992), we considered whether the evidence was sufficient to support an award of attorney's fees to a plaintiff under Code § 18.2-500(a), which permits recovery for conspiracy of "the costs of suit, including a reasonable fee to plaintiff's counsel."  In <u>Tazewell</u>, the trial court awarded the plaintiff attorney's fees in the sum of $472,000.  The plaintiff submitted to the trial court about 300 pages of contemporary time records detailing the activities for which the fees were sought in support of the motions for costs and attorney's fees.  The plaintiff also submitted affidavits of its attorneys on the subjects of the accuracy of the time billed and the reasonableness of the hourly rates charged.  Approving the trial court's award of attorney's fees in <u>Tazewell</u>, we applied the rationale established in <u>Mullins</u>, <u>supra</u>:

> "While expert testimony ordinarily is necessary to assist the fact finder, such testimony is not required in every case. . . .  In this case, expert testimony was not necessary because of the affidavits and detailed time records."

<u>Tazewell Oil Co.</u>, 243 Va. at 112, 413 S.E.2d at 621.

Here, just as in <u>Tazewell</u>, we are of opinion that the law firm was not required to present expert testimony to prove the reasonableness of the total fees charged to the defendants.  The proffer of evidence that the law firm made after the trial court struck its evidence reveals that the law firm would have produced the following evidence at a trial.  The law firm executed a written contract with the defendants, and the contract identified the firm's attorneys

who would perform work for the defendants and the hourly billing rates that would be charged by each attorney.  An attorney from the law firm would have testified about the nature of the legal services provided to the defendants, the complexity of those services, the value of those services to the defendants, and that the services were necessary and appropriate.

Moreover, the law firm was entitled to present evidence about the time and effort that its attorneys expended on the defendants' behalf, and whether the fees incurred were fees ordinarily charged in similar types of legal representation. The finder of fact could infer from this testimony that the law firm's fees were reasonable.

Of course, once the law firm establishes its prima facie case, the defendants are entitled to present expert evidence, if they so desire, on the issue whether the law firm's fees were reasonable.  The finder of fact would be required to consider all the relevant evidence and determine whether the fees charged were reasonable.

Accordingly, we will reverse the judgment of the trial court, and we will remand this case for a trial.

Reversed and remanded.