COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Bumgardner
Argued at Alexandria, Virginia


BRONSON F. BYRD

                                        MEMORANDUM OPINION[*] BY
v.   Record No. 2435-96-4      JUDGE RUDOLPH BUMGARDNER, III

RENATE M. BYRD

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        J. Howe Brown, Jr., Judge

            Wyatt B. Durrette, Jr. (Richard P. Kruegler;
            Durrette, Irvin & Bradshaw, P.C., on briefs),
            for appellant.

            Carol Ann Roop (Robert E. Shoun; Shoun &
            Bach, P.C., on brief), for appellee.


     This is an appeal from the Circuit Court of Fairfax County

ordering Mr. Byrd to pay combined spousal and child support of

$3,000 per month.  The court allocated the support as $1,168

child support and $1,832 spousal support.  The court also ordered

Mr. Byrd to pay $12,000 in attorney's fees.  He argues that the

trial court abused its discretion in setting support, erred in

awarding attorney's fees, and abused its discretion in ordering

support retroactively.  Finding evidence to support the decisions

and that all factors were considered in arriving at them, we

affirm.

     The parties entered a written agreement that settled most of

the issues between them.  The agreement provided that Mr. Byrd

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

would pay his wife, until they sold the marital home, $2,000 support per month, split evenly between child and spousal support. Upon the sale, the parties would attempt to negotiate support, but if unsuccessful they could petition the court. They sold the house in January 1996, support stopped, and shortly afterwards Mrs. Byrd moved the court to set support. At the conclusion of a two-day hearing, the trial judge ruled that Mr. Byrd had annual income of $100,000 per year or $8,333.33 per month. His wife had monthly income of $2,083 per month. In addition to that, the court imputed income of $1,000 because she chose not to work even part-time while attending nursing school. The judge calculated the child support at $1,200 then set spousal support at $1,800 for total support of $3,000 per month. When counsel appeared to present the written order, counsel for Mr. Byrd asked the court to reconsider the calculations of child support because he was providing health insurance at $130 per month. Mr. Byrd wanted to insure that he received the tax benefit from having more of the combined support payment allocated to spousal support. The court adjusted the child support down to $1,168 and increased the spousal support to $1,832, maintaining the combined total at $3,000. Mr. Byrd filed a motion to reconsider which the court denied without further hearing.

In determining Mr. Byrd's net income, the trial court set his expenses at 40 percent of his gross income. He complains

that the 40 percent figure is arbitrary and not based on the evidence. Evidence taken from tax returns show that Mr. Byrd earned more than $130,000 from his law practice and investment business each year from 1993 to 1995. Mr. Byrd had the burden of showing his reasonable business expenses to reduce his gross income to the net income. Code § 20-108.2. The trial court rejected many items claimed by Mr. Byrd as business expenses. It rejected his deductions of $50 per hour paid his fiancee for paralegal help, rent claimed but not paid to his fiancee for office space in the home where they resided, and more than $14,000 in the legal fees that he claimed as business expenses, but incurred in his divorce litigation.

From the evidence presented, the trial court could have computed Mr. Byrd's income with no deduction for expenses because his evidence was not reasonable or credible. He cannot complain about the figure the court used because he failed to present evidence that would support his burden of proof. While an expert did not state that the 40 percent figure was a reasonable figure for law practices of Mr. Byrd's type, it is a figure that the evidence presented supports. After the court rejected inappropriate claims, the remaining expenses totaled approximately 40 percent of gross income. Thus, we find the evidence is sufficient to support the court's determination that Mr. Byrd's business expenses were 40 percent of his gross income.

Mr. Byrd complains that the trial court failed to consider

all the factors in Code § 20-107.1 in fixing the spousal support. Our review shows that the court addressed all factors.

Appellant objects that the trial court failed to calculate the child support correctly. He argues that the court failed to determine first equitable distribution, then to calculate spousal support, and finally to determine child support. He argues that the decision in Frazer v. Frazer, 23 Va. App. 358, 477 S.E.2d 290 (1996), requires that a simultaneous decision fixing spousal support be considered a pre-existing order and attributed to the receiving spouse as income when calculating child support under Code § 20-108.2.

Frazer was decided after this trial, and neither the parties nor the court had its ruling available to guide them. As the case was presented and argued, child support was calculated first and then spousal support was figured. The court's focus was consistently on the total amount, child and spousal support combined, that Mrs. Byrd would receive. The approach conformed to that taken in the support agreement in which the parties first calculated the total needed and then allocated it between the two types of support. Mr. Byrd made no objection to the sequence followed or the methodology used. In fact, both parties concurred in that approach as shown by Mr. Byrd's request that the court adjust the amount attributed to child support because he was entitled to a credit for providing health insurance. Mr. Byrd did not object to the sequence until the motion to

reconsider when he had retained new counsel.  He will not be heard to object to that in which he had previously acquiesced. Rule 5A:18, Lee v. Lee, 12 Va. App. 512, 404 S.E.2d. 736 (1991).

Mr. Byrd objects to his wife claiming her mortgage payment as an expense in calculating her need for support.  He argues that this results in double-dipping as proscribed in Gamble v. Gamble, 14 Va. App. 558, 421 S.E.2d 635 (1992).  Pursuant to the settlement agreement, Mrs. Byrd received one-half of the proceeds from the sale of the marital residence.  She bought a new residence with half the money and invested the balance.  She obtained a mortgage to pay for the balance of the purchase price and claimed the debt service on that loan as an expense.  She included the income from the portion invested in the income section of her income and expense sheet.

In Gamble, the court disapproved considering the mortgage obligations on marital property when determining both an equitable distribution award under Code § 20-107.3 and a spousal support award under Code § 20-107.1.  In that case, the husband was ordered to pay spousal support in an amount nearly equal to the mortgage payments on the property.  We found the trial court erred in allowing the spouse to seek and obtain an encumbered marital asset and then requiring the conveying spouse to pay off the encumbrance.  In the present case, the mortgage expenses are not calculated twice.

If Mrs. Byrd had put all the money into buying a new house,

she would not have had a mortgage payment, but nor would she have investment income. If she had invested it all, and borrowed the entire purchase price, she would have more investment income. While the expense of borrowing may be greater than the income received from many investments, the trial court should not dictate how litigants conduct their financial affairs. Mr. Byrd would argue for the court to fashion a rule that all proceeds from the sale of an encumbered home must be spent to buy a replacement so that there would be no debt expense attributable to that asset. We decline to do so.

Mr. Byrd objects to the award of attorney fees arguing that the settlement agreement stated there would be no attorney's fees except when enforcing the agreement against a defaulting party. He argues that there was no evidence he was in default. We disagree with husband's reading of the agreement. The agreement does not exclude an award of attorney's fees when the wife requests that support be fixed by the court. Thus, the court has discretion to set the fees under Code § 20-79(b).

Mr. Byrd also complains that there was no expert evidence to support the reasonableness of the attorneys fees claimed. Mrs. Byrd presented the detailed bills received from her attorney. She also asked the court to recognize that those statements did not reflect the time spent in court during the trial that was still being held. She testified that the fees were for services requested and performed for that hearing, they were in fact

rendered, they were consistent with the rates for her attorney and his firm, and they were as agreed. The exhibit was introduced without objection, and she was not cross-examined about the fees. If there had been any issue raised or even suggested that the fees were not reasonable, Mrs. Byrd's attorney could easily have taken the stand and testified on that limited point.

Expert evidence is not necessary to establish the reasonableness of attorney's fees. Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven L.P., 253 Va. 93, 480 S.E.2d 471 (1997). From the evidence presented and the inferences that the trial court was entitled to draw while hearing the very matter for which fees were being requested, we find that Mrs. Byrd made a prima facie case of reasonableness of the fees. Mr. Byrd cannot complain when he waited until he was endorsing the written order to raise the issue of reasonableness for the first time.

Finally, Mr. Byrd objects that the court ordered spousal support retroactively to the time when the motion was first filed. The agreement did not make provision for spousal support between the time of the sale of the house and the fixing of a new amount either by negotiation or decree. The agreement being silent on the point, the normal provisions apply. Whether to decree support retroactively is within the discretion of the trial court. Mr. Byrd concedes this point. In this case, not only was it not an abuse of discretion to grant it, it was an

appropriate decision considering the general structure of the settlement as established in the settlement agreement.

We affirm the decisions of the trial court.

<u>Affirmed.</u>