## CIRCUIT COURT OF BEDFORD COUNTY

Jerry C. Thompson
and Patricia N. Thompson

v.

F. Cameron Wiley, Jr.

February 4, 1999

Case No. CH95017663-01

BY JUDGE JAMES W. UPDIKE, JR.

The captioned matter initially came before this court on plaintiffs' bill of complaint filed July 12, 1995. In this bill of complaint, plaintiffs allege that the defendant failed "to record a certificate of satisfaction or otherwise to effect the release of the deed of trust" in violation of § 55-66.3 of the Code of Virginia. (Bill of Complaint p. 2.) The plaintiffs further allege that the defendant was negligent by failing to comply with § 55-66.3. As a remedy, the plaintiffs requested a declaratory judgment affirming satisfaction of the secured indebtedness and also declaring the defendant to be in violation of his duty to effect release of the deed of trust. The plaintiffs further requested an award of statutory damages, compensatory damages, and attorney's fees and costs.

By letter opinion dated July 10, 1997, Judge William W. Sweeney found for the defendant in this declaratory judgment suit and denied plaintiffs' claims for statutory damages, compensatory damages, and attorney's fees. This opinion was memorialized by order entered August 18, 1997.

The plaintiffs appealed the order of this court to the Supreme Court of Virginia, and by order entered September 18, 1998, the judgment of this court was reversed. The Supreme Court further ordered the defendant to forfeit

$300.00 to the plaintiffs and "to pay them any court costs and reasonable attorney's fees incurred by them in collecting the forfeiture. Code § 55-66.3."

On January 15, 1999, a hearing was conducted before this court on plaintiffs' request for attorney's fees pursuant to the order of the Supreme Court and § 55-66.3. This was my first involvement in this case, and, for this reason and for other reasons that will become apparent, I felt it appropriate to review briefly the prior proceedings in this matter.

After the hearing of January 15, 1999, counsel requested the opportunity to submit memoranda of law, and I have now reviewed these documents, including plaintiffs' rebuttal, which I received today.

As to an award of attorney's fees, the Supreme Court has stated:

> Generally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant ... . This is the "American rule" to which we consistently have adhered.

*Mullins v. Richlands National Bank,* 241 Va. 447, 449, 403 S.E.2d 334 (1991) (citations omitted).

When an award of attorney's fees is authorized by statute or contract, the trial court is to apply the following analysis:

> "[a]n attorney who seeks to recover legal fees ... must establish, as an element of the attorney's *prima facie* case, that the fees charged ... are reasonable." In determining whether a party has established a *prima facie* case of reasonableness, a fact finder may consider, *inter alia,* the time and effort expended by the attorney, the nature of the services rendered, the complexity of the services, the value of the services to the client, the results obtained, whether the fees incurred were consistent with those generally charged for similar services, and whether the services were necessary and appropriate.

*Chawla v. BurgerBusters, Inc.,* 255 Va. 616, 623, 499 S.E.2d 829 (1998), quoting *Seyfarth, Shaw v. Lake Fairfax Seven, Ltd. Prtnrshp.,* 253 Va. 93, 96, 480 S.E.2d 471 (1997).

The Supreme Court further stated in this regard: "The party claiming the legal fees has the burden of proving *prima facie* that the fees are reasonable and were necessary." 255 Va. at 623, 624.

In the case at hand, there is no issue as to whether the legal fees incurred by plaintiffs since November 1, 1994, were reasonable and necessary. During

the hearing of January 15, 1999, plaintiffs introduced a detailed statement of these fees. (Pl. Ex. 1.) This evidence was not challenged by the defendant, by either contradictory evidence or by argument. Instead, the defendant, by counsel, conceded that the amount of legal fees claimed by plaintiffs was reasonable and necessary in view of the length and complexity of these proceedings. However, the defendant argued that § 55-66.3 limits the plaintiffs' claim for attorney's fees to those fees incurred, if any, in collecting the $300.00 forfeiture. Specifically, the defendant argued in his memorandum:

> Any attorney's fees incurred between the commencement of the suit and the date of the Supreme Court's order of September 18, 1998, are not attorney's fees incurred to collect the forfeiture. The plaintiffs did not spend $17,000.00 to collect a $300.00 forfeiture. The plaintiffs expended such fees in attempting to have the deed of trust released and in defending themselves against allegations that the parties were partners in the ownership of real estate that was secured by the deed of trust in issue.

(Def. Memo. p. 3.)

The plaintiffs argue that they are entitled to all legal fees incurred since the commencement of this suit, and they specifically argue the following in their memorandum:

> The effort to sever attorney's fees associated with obtaining recordation of the deed of trust and obtaining the statutory forfeiture is without merit. The same facts alleged in the bill of complaint supported entry of an order compelling recordation of a certificate of satisfaction, payment of the statutory forfeiture, and an award of attorney's fees and costs. The single wrong proscribed by the legislature in Va. Code § 55-66.3 (the failure to release a deed of trust) gives rise to four remedies: entry of an order compelling the recordation of a certificate of satisfaction, the award of statutory penalty, and recovery of attorney's fees and costs.

(Pl. Mem. p. 3.)

The sole issue before this court therefore becomes whether plaintiffs are entitled to all legal fees incurred since commencement of their suit or whether § 55-66.3 limits any claim for legal fees to those incurred in collecting the forfeiture. A resolution of this issue obviously requires interpretation of the language of § 55-66.3.

Before addressing this issue, I read the Virginia cases cited by counsel in their memoranda. However, the issues in most of these cases concerned, in the first instance, authorization for payment of legal fees, by either statute or contract, and secondly, the reasonableness of the amount claimed. As previously stated, there are no such issues in this case. Though helpful, the cases cited by counsel do not specifically address § 55-66.3. Moreover, I have been unable to find any case specifically addressing payment of attorney's fees pursuant to § 55-66.3. I, therefore, do not have the guidance of previous judicial interpretation of this statute.

As to general principles of statutory construction, the Virginia Court of Appeals has stated:

> The principles of statutory construction require us to ascertain and give effect to the legislative intent ... . The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow, or strained construction; a statute should never be construed so that it leads to absurd results ... . Where possible, a statute should be construed with a view toward harmonizing it with other statutes.

*Branch v. Commonwealth,* 14 Va. App. 836, 839, 419 S.E.2d 422 (1992) (citations omitted).

When applying these principles of statutory construction, I will accord § 55-66.3 its plain, obvious, and rational meaning and will attempt to harmonize this statute with other statutes. To do this, I wish to refer to § 55-66.5 of the Code of Virginia, which provides in pertinent part:

> Any person who owns or has any interest in real estate or personal property on which such encumbrance exists may, after twenty days' notice thereof to the person entitled to such encumbrance, apply to the circuit court of the county or city in whose clerk's office such encumbrance is recorded to have the same released or discharged. Upon proof that the encumbrance has been paid or discharged or upon a finding by the court that more than twenty years have elapsed since the maturity of the lien or encumbrance, raising a presumption of payment which is not rebutted at the hearing, such court shall order the clerk to record a certificate of satisfaction or a certificate of partial satisfaction which, when so recorded, shall operate as a release of such encumbrance.

Section 55-66.5(A).

Concerning the payment of attorney's fees incurred when obtaining a court ordered release of a deed of trust, this statute provides in pertinent part:

> Upon a finding by the court that the holder of a mortgage or deed of trust which has been fully paid or discharged has unjustifiably and without good cause failed or refused to release such mortgage or deed of trust, the court, in its discretion, may order that costs and reasonable attorney's fees be paid to the petitioning party.

Section 55-66.5.(C).

When I accord § 55-66.3 its plain, obvious, and rational meaning and attempt to harmonize this statute with § 55-66.5, it is my opinion that § 55-66.3 clearly provides for the payment of court costs and reasonable attorney's fees solely and exclusively in the context of collecting a forfeiture. When applying these same principles to § 55-66.5, it is my further opinion that this statute clearly and exclusively provides for payment of costs and reasonable attorney's fees in instances of court ordered releases of deeds of trust. Moreover, the latter statutory provision regarding payment of court costs and reasonable attorney's fees is discretionary and requires a finding that the failure or refusal to release a deed of trust was unjustifiable and without good cause.

Consequently, I will address the issue of payment of plaintiffs' attorney's fees solely and exclusively in the context of costs and legal fees incurred in collecting the forfeiture. Whether plaintiffs are entitled to payment of costs and legal fees incurred when obtaining a court ordered release of the deed of trust is an issue that must be addressed in the context of § 55-66.5. I make no findings as to the applicability of § 55-66.5 to this case because the issue of this statute, as demonstrated through my previous discussion of the prior proceedings in this matter, has not been properly brought before this court. If counsel wish this issue to be addressed, a hearing can be scheduled through my secretary.

By its order dated September 18, 1998, the Supreme Court ordered the defendant to forfeit $300.00 to the plaintiffs. Consequently, no further action is required of this court as to determination of the forfeiture.

By notice dated November 30, 1998, the plaintiffs gave the defendant notice that they intended to request this court on January 15, 1999, to order payment of "attorney's fees and for obtainment of the other relief set forth in the Supreme Court's order of September 18, 1998." I consider this a notice of demand of payment of the forfeiture as required by § 55-66.3. Nevertheless, the certificate of release was not filed by the defendant in the clerk's office of

this court until January 4, 1999, and defendant's check made payable to the plaintiffs in the amount of $300.00 was not issued until January 12, 1999. At the time of the hearing on January 15, 1999, the plaintiffs had not received this check. I therefore conclude that to collect the forfeiture ordered by the Supreme Court in accordance with § 55-66.3, the plaintiffs had to institute legal proceedings, and they thereby incurred legal fees. Such legal fees included expenses for preparing the notice of the hearing on January 15, 1999, an appearance by counsel during this hearing, and the preparation of the memoranda submitted by plaintiffs' counsel.

After consideration of the concessions made by the defendant, by counsel, as to the reasonableness of the attorney's fees requested by the plaintiffs and in consideration of the criteria set forth in *Chawla, supra*, regarding payment of attorney's fees, I order the defendant to pay plaintiffs the amount of $750.00 as compensation for attorney's fees incurred solely and exclusively in collecting the forfeiture. I am unaware of any court costs incurred by the plaintiffs solely and exclusively in collecting the forfeiture, and I therefore make no such award.