Present:  All the Justices

RAYMOND WILLIAM WALSH

v. Record No. 991993    OPINION BY JUSTICE CYNTHIA D. KINSER
                                          June 9, 2000
DEAN R. BENNETT, M.D.

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Henry E. Hudson, Judge

In this appeal, we decide whether the trial court abused its discretion when it struck plaintiff's designation of his expert witness for failure to comply with an order to provide discovery.  Because the court took this action prior to a deadline that it had previously established for plaintiff to make his expert witness available for a deposition, we conclude that the court abused its discretion and will therefore reverse the judgment of the circuit court.

FACTS AND PROCEEDINGS

Raymond William Walsh filed an amended motion for judgment[1] against Dr. Dean R. Bennett, an orthopaedic surgeon, and several other defendants, alleging, inter alia, that Dr. Bennett was negligent and committed medical

---

[1] Walsh initially filed this case in 1997 but later nonsuited it.  After he re-filed his case, the trial court sustained defendants' demurrers, and Walsh then filed the amended motion for judgment.

malpractice in performing orthopaedic surgery on Walsh.[2] In accordance with the trial court's pre-trial scheduling order, Walsh designated five expert witnesses. Dr. Bennett objected to Walsh's designation of expert witnesses on the basis that the designation was inadequate, and moved to strike the designation and prevent Walsh from calling the experts as witnesses at trial. The trial court sustained that motion but granted Walsh leave to amend his designation of experts. The court further ordered that Walsh would not be permitted to file any additional amendments to his designation of expert witnesses.

Walsh subsequently submitted a Supplemental Designation of Expert Witnesses, naming only Dr. John P. Kostuik as an expert witness.[3] Dr. Bennett again objected and moved to strike the designation on the basis that it was vague and contained insufficient information.

After a hearing on May 21, 1999, the trial court denied Dr. Bennett's motion on the condition that Dr. Bennett have the opportunity to "adequately depose" Dr. Kostuik "by the close of business" on June 4, 1999.

---

[2] The trial court subsequently dismissed all the defendants except Dr. Bennett.

[3] In that supplemental designation, Walsh also stated that he expected to call his treating physicians as witnesses.

Otherwise, the court would grant Dr. Bennett's motion. Both parties objected to the court's order.

Prior to the hearing on May 21, Walsh had requested an extension of time in which to complete discovery, or alternatively, a continuance of the scheduled trial date of June 21, 1999. In that request, Walsh asserted that Dr. Kostuik was essentially unavailable for deposition during the remaining time prior to the trial date.[4] Walsh also contended that, without the extension, he would not have sufficient time in which to depose Dr. Bennett's expert witnesses prior to trial. On May 26, 1999, the trial court heard Walsh's motion and denied it.

Also on May 26, Dr. Bennett's counsel noticed the discovery deposition of Dr. Kostuik for June 4, commencing at 1:30 p.m. A representative of Dr. Kostuik's office then called Dr. Bennett's counsel and advised that Dr. Kostuik was available only on June 4 for a deposition from 12:30 until 1:30 p.m. The next day, Dr. Bennett again moved to strike Walsh's designation of his expert witness because of Walsh's alleged failure to make Dr. Kostuik available for a deposition at a time convenient to Dr. Bennett's counsel.

---

[4] In his written request, Walsh stated that Dr. Kostuik was available for deposition only on June 11, 1999.

At a hearing on June 2, 1999, regarding Dr. Bennett's motion, Walsh stated that Dr. Kostuik could be deposed from 10:00 a.m. until 1:30 p.m. on June 4.[5] Dr. Bennett's counsel advised the court that she had informed Walsh's counsel on several occasions that she was available to take Dr. Kostuik's deposition on any day other than that time frame on June 4. However, on a previous occasion, Dr. Bennett's counsel had advised the court and Walsh's counsel that she was available "at any time other than June 4, 1999, between 12:30-1:30 p.m."

At that hearing, Walsh also argued that, by making the doctor available for three and one-half hours, he was in compliance with the court's earlier order to provide an opportunity for Dr. Kostuik to be "adequately depose[d]."[6] After Dr. Bennett's counsel again stated that she was available to depose Dr. Kostuik anytime other than from 10:00 am to 1:30 p.m. on June 4, the trial court offered to

---

[5] Walsh's counsel represented that he had previously informed Dr. Bennett's counsel that Dr. Kostuik was also available to be deposed from 10:00 a.m. until 12:30 p.m. on June 4. However, Dr. Bennett's counsel denied having received that information.

[6] In his last motion to strike, Dr. Bennett claimed that the court had previously ruled that Dr. Kostuik must be made available for a minimum of three hours for a deposition. However, no statement to that effect appears in any of the court's orders.

4

extend the June 4, 1999 deadline.  However, Walsh's counsel stated that the previously identified three and one-half hour time frame on June 4 was the only time Dr. Kostuik was available for deposition.  When pressed by the court for information on Dr. Kostuik's availability, Walsh's counsel replied that the court "may as well 'go ahead and dismiss the case.' "  The court then granted Dr. Bennett's motion to strike Walsh's designation of his expert witness and ordered that Dr. Kostuik would not be permitted to testify as an expert witness at the trial of this case.

Thereafter, at the same hearing, Dr. Bennett moved the court to dismiss the case on the ground that, without an expert witness, Walsh's evidence was insufficient as a matter of law to prove his claim for medical malpractice. Again, Walsh's only response was "go ahead and dismiss the case."  The trial court granted the motion and entered an order on June 2, 1999, reflecting its decision on both of Dr. Bennett's motions.  We awarded Walsh this appeal.

ANALYSIS

Rule 4:12(b) governs discovery abuses and provides for sanctions against a party who fails to comply with a court's order to provide or permit discovery.  A trial court generally exercises "broad discretion" in determining the appropriate sanction for failure to comply with an

5

order relating to discovery.  Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990).  Consequently, we accord deference to the decision of the trial court in this case and will reverse that decision only if the court abused its discretion in striking Walsh's designation of his expert witness.  See First Charter Land Corp. v. Middle Atl. Dredging, Inc., 218 Va. 304, 308-09, 237 S.E.2d 145, 148 (1977).  However, an appellate court should not simply rubber stamp every discretionary decision of a trial court. To the contrary, we have an obligation to review the record and, upon doing so, to reverse the judgment of the trial court if we find a clear abuse of discretion.

The determination whether a trial court has abused its discretion is fact-specific.  The facts of the instant case show that the trial court ordered Walsh to make his expert witness available for a deposition on or before the close of business on June 4.  However, prior to that date — in other words, before Walsh had exhausted the time during which he could comply or fail to comply with the court's order — the court struck Walsh's designation of his expert witness and dismissed the case.

The facts also establish that in the days prior to June 2, Walsh's counsel had made Dr. Kostuik available for an additional two and one-half hours, some of which was

6

during a time Dr. Bennett's counsel had on one occasion indicated that she would be available. Although Dr. Bennett's counsel advised the court at the hearing on June 2 that she could not depose Dr. Kostuik during this additional period of time, we do not know whether the schedule of either Dr. Bennett's counsel or Dr. Kostuik would have again changed between June 2 and the close of business on June 4.

Considering these facts, we conclude that the trial court abused its discretion because it deprived Walsh of time, in this case two days, in which to comply with the court's order and to provide Dr. Bennett with the opportunity to "adequately depose" Dr. Kostuik. The court prematurely imposed a sanction pursuant to Rule 4:12(b)[7] because Walsh had not yet failed to obey the terms of the court's prior discovery order. See Rule 4:12(b)(2)("[i]f a party . . . fails to obey an order to provide . . . discovery, . . . the court . . . may make such orders in regard to the failure as are just".)

The trial court's action before the June 4 deadline also "short circuited" the legal process. We have often warned of the dangers of "short circuiting" litigation

---

[7] The trial court's order does not explicitly reference Rule 4:12.

because in doing so, a trial court "depriv[es] a litigant of his day in court and depriv[es] this Court of an opportunity to review a [more] thoroughly developed record on appeal." Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. Partnership, 253 Va. 93, 95, 480 S.E.2d 471, 472 (1997) (citing CaterCorp, Inc. v. Catering Concepts, Inc., 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993); Renner v. Stafford, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993); Carson v. LeBlanc, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993)). In this case, the trial court unnecessarily cut short the remaining time before the June 4 deadline for counsel to schedule Dr. Kostuik's deposition and, in doing so, may have prevented this case from proceeding to trial, thus depriving Walsh of his day in court.[8]

For these reasons, we will reverse the judgment of the circuit court and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

JUSTICE LEMONS, with whom JUSTICE LACY joins, dissenting.

---

[8] The statements of Walsh's counsel at the June 2 hearing that the trial court could "go ahead and dismiss the case" did not justify the trial court's "short circuiting" of the process. Neither did the statements constitute "invited error" under the doctrine enunciated by

In my view the trial court did not abuse its discretion by striking plaintiff's designation of his expert witness for failure to comply with an order to provide discovery and thereafter, upon request of the plaintiff, dismissing the case.

There is no transcript of the proceedings before the trial court in this record.  Rather, Walsh relies upon a statement of facts pursuant to Rule 5:11(c).  The pertinent portion of the statement of facts states:

> Counsel for the Plaintiff informed the [c]ourt that the June 4, 1999 time frame was the only opportunity Dr. Kostuick [sic] had available for the deposition.  When pressed by the [c]ourt for additional information concerning Dr. Kostuick's [sic] availability, counsel for the Plaintiff replied that the court may as well "go ahead and dismiss the case."  Failing in an attempt to find alternative dates for the deposition of Dr. Kostuick [sic], the [c]ourt granted the Defendant's motion to preclude Dr. Kostuick's [sic] testimony as an expert witness at trial.  Counsel for the Defendant then moved to dismiss the case on the ground that Plaintiff's evidence as a matter of law was insufficient to prove medical malpractice without a medical expert.  Again, Plaintiff's only response was "go ahead and dismiss the case."  The [c]ourt granted the Defendant's motion and the case was dismissed.

The majority holds that, "the trial court abused its discretion because it deprived Walsh of time, in this case

_____

this Court, most recently in Moore v. Hinkle, 259 Va. 479, 491, 527 S.E.2d 419, 426 (2000).

9

two days, in which to comply with the court's order." Calling the dismissal a premature sanction under Rule 4:12, the majority suggests that "Walsh had not yet failed to obey the terms of the court's prior discovery order." The majority further observes that "we do not know whether the schedule of either Dr. Bennett's counsel or Dr. Kostuik would have again changed between June 2 and the close of business on June 4."

The majority does not hold that dismissal of the case for failure to comply with a discovery order of the court is an abuse of discretion; rather, the majority is concerned that the dismissal occurred two days before the stated deadline. However, the only evidence before us on the subject is the recitation in the statement of facts that "the June 4, 1999 time frame was the only opportunity Dr. Kostuick [sic] had available for the deposition." The unavailability of Dr. Bennett's counsel within the narrow time frame offered by Dr. Kostuik for his deposition had been repeatedly established. Consequently, on the only evidence before us, the parties agreed that the deposition could not be taken between June 2 and the close of business on June 4. Plaintiff then twice invited the court to "go ahead and dismiss the case."

Although I believe that it was not error to dismiss the case, if error occurred, it most assuredly was invited error that the plaintiff may not successfully assert on appeal. The majority concludes without analysis that the request to "go ahead and dismiss the case" does not satisfy the invited error doctrine. The invited error doctrine is essentially a waiver of the right to assign error under Rule 5:25. See Wright v. Norfolk and Western Railway Co., 245 Va. 160, 169-70, 427 S.E.2d 724, 729(1993). As we stated in Wright, "a litigant will not be permitted to invite a trial court to commit error, either through agreeing or failing to object, and then be permitted to successfully complain of such error on appeal." Id. at 170, 427 S.E.2d at 729. If error occurred in the failure of the trial judge to wait an additional two days before entering the dismissal order, surely the error was occasioned by the acknowledgement by the plaintiff that no compliance with the order was possible within the two-day period followed by the express invitation, issued twice, to "go ahead and dismiss the case."

As the statement of facts reveals, this case was originally filed in May of 1997 and was nonsuited prior to argument on a motion for summary judgment based upon plaintiff's failure to timely designate expert witnesses.

After the case was refiled in September of 1998, controversy arose over the adequacy of compliance with the Rules of Court concerning designation of expert witnesses. The trial court gave plaintiff leave to amend his designation. Upon the filing of an amended designation, defendant again filed a "motion to strike the [p]laintiff's expert." The trial court denied the motion; however, the court ordered "that the [d]efendant be afforded the opportunity to adequately depose [p]laintiff's expert by the close of business on June 4, 1999, or the [c]ourt would revisit its decision on the motion to strike."

At a hearing on June 2, 1999, the court was advised of plaintiff's lack of compliance with the terms of the order requiring discovery. In another display of attempted accommodation of plaintiff, the court "then agreed to extend the June 4, 1999 deadline in order to accommodate the deposition of Dr. Kostuick [sic]." Inexplicably, plaintiff did not accept the trial court's offer.

Faced with plaintiff's repeated failure to comply with the Rules of Court and discovery orders, the trial court nonetheless tried to provide plaintiff with alternatives other than striking his expert or dismissing his case. For reasons known only to plaintiff, the efforts of the court were resisted. In this context, it was not an abuse of

12

discretion for the court to accept plaintiff's invitation to dismiss the case.  Even if the failure to wait two more days to enter the order is characterized as error, under any reasonable interpretation, it was invited error about which plaintiff may not now complain on appeal.

I respectfully dissent from the majority opinion because it elevates form over substance.  I would affirm the judgment of the trial court.