## CIRCUIT COURT OF NELSON COUNTY

High Country
Associates, L.L.C., et al.

v.

Wintergreen Partners, Inc.

August 1, 2005

Case No. CH05-00036

BY JUDGE J. MICHAEL GAMBLE

I am writing to rule on the motion for summary judgment filed by the plaintiff. The motion for summary judgment is overruled. Further, the motion to remove the *lis pendens* from the Summit House Site is denied.

A trial court may enter summary judgment only if no material fact is genuinely in dispute. Rule 3:18; *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189 (1993). Further, the Supreme Court of Virginia has periodically disapproved the trial court's granting motions which "short circuit" the process thereby depriving a litigant of his day in court and denying the appellate court an opportunity to review a thoroughly developed record on appeal. *Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven, Limited Partnership*, 253 Va. 93, 95, 480 S.E.2d 471 (1997).

The plaintiff ("HCA") urges the court to find as a matter of law that the defendant ("WPI") has not exercised its right of first refusal. This analysis must begin with a review of the right of first refusal dated November 27, 2000, and filed as Exhibit 1.

When the terms of the contract are clear and unambiguous, the meaning of those terms is a question of law. *Pollard & Bagby, Inc. v. Pierce Arrow, L.L.C.*, 258 Va. 524, 528, 521 S.E.2d 761 (1999). Further, where the terms of a contract are unambiguous, it is the duty of the court to interpret the language in accordance with its plain meaning. *Foods First, Inc. v. Gables Assocs.*, 244 Va. 180, 182 (1992).

Likewise, the question of whether a contract is ambiguous is also a question of law. *Pollard*, 258 Va. at 528. Ambiguity exists when the language of a contract admits of being understood in more than one way or when the language is of doubtful import. *Westmoreland-LG&E Partners v. Virginia Electric & Power Co.*, 254 Va. 1, 11, 486 S.E.2d 289 (1997). An award of summary judgment is not proper where neither party has offered a construction of the contract that can be deemed so clear that it unambiguously excludes the explanation offered by the opponent. *Westmoreland-LG&E Partners*, 254 Va. at 11 (citing *Cascades North Venture, Ltd. Partnership v. PRC, Inc.*, 249 Va. 574, 582, 457 S.E.2d 370 (1995)).

In the instant case, neither HCA nor WPI has offered a construction so clear that summary judgment should be granted and a trial should be short circuited.

The first refusal contract repeatedly uses the disjunctive "or" to describe the property subject to the right of first refusal, the property sold pursuant to the right of first refusal, the acceptance of the property subject to the right of first refusal, and the purchase of the property subject to the right of first refusal. For instance, the second sentence of the right of first refusal contract provides:

> If HCA desires to sell all or any portion of the Stoney Creek Entrance Site or the Summit House Site and has received a purchase offer from a third party therefor, HCA shall make a written offer to WPI to sell the Stoney Creek Entrance Site or the Summit House Site or such portion thereof subject to the offer of the third party on the same terms and conditions as such offer.

This language can be construed to anticipate that the Stoney Creek Entrance Site or the Summit House Site is to be sold separate from the other. This construction is supported by the last sentence of paragraph 1 of the agreement located on page 3. Under this provision, if there is a bulk sale of "the property," the purchase price of the Stoney Creek Entrance

Site and the Summit House Site shall be separately determined in an equitable manner.

Accordingly, it is possible to construe this contract to mean that, if the Stoney Creek Entrance Site or the Summit House Site (or portion thereof) are not sold separately to a third party, but are sold together, then the bulk sale analysis must be applied.

A court must give every word or clause in a contract meaning when a reasonable meaning can be given to it. *D. C. McClain, Inc. v. Arlington County*, 249 Va. 131, 135-36, 452 S.E.2d 659 (1995). Accordingly, the court must give meaning to the bulk sale provision. The bulk sale provision only has meaning if the other provisions of the first paragraph of the agreement are construed to anticipate that the Stoney Creek Entrance Site or the Summit House Site would be sold separate from each other. The use of the phrase "or portion thereof so offered" does not clearly resolve this issue in favor of the plaintiffs' motion for summary judgment. Words are to be given their plain meaning. *Seoane v. Drug Emporium*, 249 Va. 469, 475, 457 S.E.2d 93 (1995). The plain meaning of the word "portion" is "a part of a whole." *Webster's Concise Dictionary* (1997). The whole in this instance is the combination of the Stoney Creek Entrance Site and the Summit House Site. Therefore, using the plain meaning, a "portion" would have to be less than both sites.

Based upon the above analysis, I cannot grant summary judgment. This case must go to trial.

Further, I deny the motion to release the *lis pendens* from the Summit House Site. If the Court finds that a proper offer of first refusal has not been made to WPI in this case, it is possible that the Summit House Site could be the subject of a future contract that would come within the provisions of the right of first refusal.