## CIRCUIT COURT OF MADISON COUNTY

Parker

 v.

Smith et al.

December 30, 2011

By Judge Daniel R. Bouton

The court has had occasion to study the record and to reflect on the arguments of counsel. The court will grant the motion for summary judgment. The court's reasoning is set forth below.

To begin with, a lengthy discussion of the disputed issues on the account stated theory and the *quantum meruit* theory is not warranted. The court will simply summarize the reasons why summary judgment is appropriate. First, the court has previously ruled that the plaintiff has successfully set forth an account stated. The court has also made a number of rulings that have eliminated several affirmative defenses that were previously pleaded. At this point, the various and sundry admissions made by the defendant preclude any impeachment of the account stated based on the limited challenges that remain available under that doctrine of law. Therefore, no material factual dispute about the fees needs to be tried in order for the court to resolve this claim.

Second, aside from the court's ruling on the account stated, the record before the court is sufficient to grant summary judgment on the claim for *quantum meruit* relief. Under this theory, the court takes into account the vast plethora of admissions on the issue of the fees. Here, the admissions establish that all of the work was necessary and was performed skillfully. Second, in light of the admissions, there can be no material factual dispute over whether the amount of the fees claimed by the plaintiff would be equivalent to the reasonable value of the services rendered. This is the standard for recovery in cases of *quantum meruit*. Therefore, summary judgment on the *quantum meruit* theory would be appropriate.

Finally, the court will address the application of its inherent supervisory powers over attorney's fees. In doing so, the court considers all of the appropriate factors that apply to the exercise of such powers. This includes all of the admissions made by the defendant. Based on the entire record

in the case, the court finds that there is no reason why its supervisory powers should be invoked to modify or adjust the fees being sought by the plaintiff. This finding applies to the claim based on the account stated and to the request for *quantum meruit* relief. Therefore, nothing about the court's supervisory powers would lead it to deny the motion for summary judgment.

In ruling as set forth above, the court adopts as part of its rationale all of the arguments set forth on pages 7-16 of the memorandum filed by the plaintiff with the motion for summary judgment. The court includes these arguments in support of its decision.

The court will next address the defendant's argument that the motion for summary judgment should be denied because there is a material factual dispute regarding the reasonableness of the fees. In support of his position, the defendant relies on *Seyfarth, Shaw v. Lake Fairfax Seven, Ltd. Prtnrshp.*, 253 Va. 93 (1997). He asserts that, based on *Seyfarth*, the plaintiff has the burden of proving that the fees charged are reasonable. The defendant maintains that, before the plaintiff can prevail, he must present to the fact finder a *prima facie* case that the disputed fees are reasonable. Regardless of whether an account stated has been established or whether some *quantum meruit* relief is appropriate, an attorney still has the burden of establishing reasonableness before he is entitled to any recovery. As a result, the motion for summary judgment should be denied, and the plaintiff should be required to present a *prima facie* case at trial.

For purposes of its ruling, the court will assume without deciding that *Seyfarth* must be applied to the motion for summary judgment. The court finds, however, that there is nothing in the rationale of the case that would lead the court to deny the motion for summary judgment. On this point, it is important to note that *Seyfarth* contains a detailed discussion of the factors that must be considered in determining whether legal fees are reasonable. Specifically, the Supreme Court said that "the fact finder should consider such circumstances as the time consumed, the effort expended, the nature of the services rendered, and other attending circumstances. . . ." *Id.*, at 96.

When one evaluates the record before the court in light of the above factors, there still exists no material factual dispute about the reasonableness of the fees. Here, the court again relies on the many admissions that are part of the record. The time consumed, the effort expended, the nature of the services, all of these matters are conceded by Smith to be reasonable based on the facts that he has admitted to in his many responses. Viewed in its entirety, the evidence is sufficient to establish a *prima facie* case of reasonableness. The admissions further demonstrate that the defendant has effectively conceded that the case cannot be challenged or rebutted.

As part of its analysis of *Seyfarth*, it should be noted that the court has given full consideration to the primary argument made by counsel at the hearing on the motion for summary judgment. Specifically, counsel pointed

out that nowhere in any of the admissions did Smith concede that the fees are reasonable. Despite the overwhelming number of facts about the fees that will not be contested, he asserts that there is a "subtle" difference between proof of reasonableness and what has actually been admitted by him. Therefore, the reasonableness of the fees remains a disputed issue.

In the court's view, however, this argument is without merit. There is no requirement that the term "reasonable" be part of the language of the admissions before they can be considered in determining whether there remains any legitimate factual dispute about the issue. In other words, the question before the court is not one of semantics or word choice; rather, what must be decided is whether the totality of the admitted facts leaves any room for a dispute between the parties over whether the fees are reasonable.

Turning to just some of these facts, Smith admits that the work was "meritorious," and that the hourly charge was "not an excessive rate." He further admits that there will be no contention that any charge was for work that was "not performed," that was not "reasonably necessary," that was "not done properly," that was "not defective in any respect," and that "for any reason should not have been performed." Many other similar admissions could be cited by the court. The key point, however, is that the only fair and sensible interpretation of these admitted facts is that Smith has accepted and endorsed the quality of all of the plaintiff's work and he has approved of the total amount of the final bill. In short, without actually using the word itself, he has effectively conceded that the fee request of the plaintiff is reasonable. The end result is that the *Seyfarth* test has been sufficiently met in this case. Moreover, the *Seyfarth* standard has been satisfied regardless of whether the issue is addressed based on the account stated doctrine or on a *quantum meruit* basis. Under either theory, with the admissions before the court, Smith can point to no factual dispute that remains over the reasonableness or the amount of the fees.

As a final example of why the defendant's argument about *Seyfarth* should be rejected, the court points to admission No. 280. This particular admission is significant because it addresses the one complaint consistently voiced by the defendant, that the plaintiff billed him at the rate of $270.00 per hour for work that was performed by staff rather than by him. These are the only facts in the case that arguably remain in dispute and that even remotely relate to the reasonableness of the fees. Notwithstanding the defendant's argument regarding staff work, however, it must be noted that the same admission also concedes that had the plaintiff himself performed the work that was done by staff, the $270.00 per hour rate "would not have been an excessive rate for *such work*" (emphasis mine). In other words, the defendant concedes that regardless of who did the work, the rate for it was fair and appropriate. Furthermore, the rate for staff work was agreed upon in advance based on the written contract of the parties.

When one considers Admission No. 280, along with all of the other admissions, Smith is left with a complaint that can be fairly summarized as follows. All of the work described in the complaint had to be performed in order to represent me properly. The work was done well, and it was performed on time. The hours expended on the work were appropriate and not excessive. All of the work was completed in accordance with the contractual arrangements that had been agreed upon by the parties. The hourly rates were fair and the bills were accurate. For a number of years, no problem or complaint was expressed by me about any aspect of the fees. However, once my difficult and contentious case was concluded with results that were favorable to me, the plaintiff demanded full payment. At that point, there developed a dispute about the reasonableness of the fee. In light of the request for payment of the final bill, it became my position that the rate that was agreed upon in advance for staff work was no longer reasonable. Therefore, even though the hourly rate for staff work was clearly spelled out in my written agreement, it would not be reasonable for me to pay for those services. That is because, in retrospect, the wrong persons in the office (staff) did some of the necessary work the right way.

In the court's view, this complaint has no substance. It suggests nothing more than some dissatisfaction about who performed some of the work. Perhaps it implies or suggests a personal opinion on the part of the defendant that the fee is excessive. What is critical, however, is that it presents no factual dispute about the reasonableness of the fee. Therefore, the motion for summary should be granted.

The court's ruling will be effective as of November 30, 2011. Moreover, the judgment amount will include the bond premiums that have been charged to Mr. Parker. In this regard, counsel should confer to ascertain whether there exists any meritorious, good faith challenge to the validity, necessity, or correctness of the amounts for the premiums that were incurred and paid by Mr. Parker. If no such challenge can be made, then the amounts set forth in the plaintiff's proposed order will be part of the court's final order. Should any dispute remain about this issue, my office should be contacted to arrange a hearing.