COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Petty, O'Brien and Russell
Argued at Alexandria, Virginia

KAREN BONSACK

v.      Record No. 0415-16-4

MICHELE GREGORY

                                                    MEMORANDUM OPINION* BY
KAREN BONSACK                                       JUDGE WILLIAM G. PETTY
                                                    OCTOBER 25, 2016
v.      Record No. 0416-16-4

MICHELE GREGORY


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                                Louise M. DiMatteo, Judge

              Keenan R. Goldsby (Molly M. Garrett; ShounBach, on briefs), for
              appellant.

              Morriah H. Horani (Pasternak & Fidis, P.C., on brief), for appellee.


        Karen Bonsack appeals the trial court's grant of Michele Gregory's "Motion to Dismiss

and for Summary Judgment."  Bonsack argues that her petition for visitation relating to

Gregory's two children[1] should have been resolved on the merits during the trial that had already

been scheduled rather than summarily dismissed.  For the reason below, we agree and remand.

        Because the parties are fully conversant with the record in this case and this

memorandum opinion carries no precedential value, we recite only those facts and incidents of

the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

"We review the evidence in the light most favorable to . . . the party prevailing below and grant

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] The petition for visitation for each child has a separate case number.  The two cases
have been consolidated for purposes of appeal.

all reasonable inferences fairly deducible therefrom." Layman v. Layman, 62 Va. App. 134, 135, 742 S.E.2d 890, 890 (2013) (alteration in original) (quoting Anderson v. Anderson, 29 Va. App. 673, 678, 514 S.E.2d 369, 372 (1999)).

Although this Court reviews judgments involving visitation and custody under an abuse of discretion standard, see O'Rourke v. Vuturo, 49 Va. App. 139, 151, 638 S.E.2d 124, 129 (2006), where, as here, "the assigned error presents only a question of law, we will review the circuit court's ruling *de novo*." Johnston Memorial Hospital v. Bazemore, 277 Va. 308, 311, 672 S.E.2d 858, 859-60 (2009).

A party is entitled to an appeal of right to a court of record when the party is aggrieved by the judgment of a juvenile and domestic relations district court. Code § 16.1-296. "This statute gives the parties a trial *de novo* in the circuit court." Ragan v. Woodcroft Vill. Apartments, 255 Va. 322, 327, 497 S.E.2d 740, 742 (1998) (analyzing Code § 16.1-106 referring to appeals from district courts). "The purpose of this two-tier trial system is to allow a party aggrieved by a final judgment of the general district court to have the case tried again by the circuit court as if the case originally had been instituted there." Id. The Supreme Court has "often warned our trial courts about granting motions that 'short circuit' the legal process and deprive litigants of their 'day in court and depriv[e] this Court of an opportunity to review a thoroughly developed record on appeal.'" Dodge v. Trs. Randolph-Macon Woman's Coll., 276 Va. 1, 6-7, 661 S.E.2d 801, 804 (2008) (Lemons, J., dissenting) (quoting Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Ltd. P'ship, 253 Va. 93, 95, 480 S.E.2d 471, 472 (1997)). "Unfortunately, that principle [wa]s not followed in this case." Id.

Bonsack was entitled to a trial *de novo* in circuit court on the juvenile and domestic relations district court's denial of her petition for visitation with Gregory's two minor children. After Bonsack non-suited the appeal in the Circuit Court of Arlington County, she timely refiled

on May 15, 2015. While the case was pending in the circuit court, Gregory obtained a protective order pursuant to Code § 19.2-152.10 in district court forbidding contact between Bonsack and the children. Bonsack appealed the protective order to the Circuit Court of Arlington County, but resolved the appeal with a consent decree dated August 28, 2015 ("August 28 order"). The August 28 order established no-contact restrictions to replace those in the protective order[2] and specified in relevant part that "this Consent Order shall be modified by an Order of this [c]ourt upon proper motion and hearing."

The circuit court trial on Bonsack's petition for visitation was scheduled for February 24, 2016 in Arlington County. On February 5, 2016, Gregory filed a "Motion to Dismiss and for Summary Judgment," the hearing for which was scheduled for February 19, 2016 ("motions day hearing"). Also on February 5, Bonsack filed a notice and motion ("modification motion") requesting that the August 28 order be vacated or modified at the February 24 trial consistent with the court's determination of visitation. Bonsack additionally included a copy of the modification motion in her written objection to Gregory's motion for summary judgment.

At the motions day hearing, the circuit court concluded that the August 28 order was valid and "renders it impossible for a [c]ourt to give visitation to [Bonsack]." The circuit court reasoned that it could not "make a decision that's contrary to the [c]ourt's existing orders" and consequently "since the [c]ourt cannot make a visitation decision or custody issue—decision different from [the August 28] order of no contact, there's no point in having a trial." It therefore concluded it would "dismiss the case because the [c]ourt cannot do anything differently than what the [c]ourt has already ordered in a parallel case. And therefore, none of the issues come

---

[2] Although the order was titled a "Consent Order," it was, in practical effect, a protective order pursuant to Code § 19.2-152.10(A)(2), which provides that a court has jurisdiction and authority to issue an order "[p]rohibiting such contacts by the respondent with the petitioner or family or household members of the petitioner as the court deems necessary for the health or safety of such persons."

before the [c]ourt because there's no relief that can be given to [Bonsack]." Bonsack pointed the court to the specific modification language in the August 28 order and the filed modification motion. Nevertheless, the court concluded that because the modification had not yet occurred, it would grant Gregory's motion to dismiss the case.[3]

The circuit court's decision to dismiss the case on the eve of trial on the basis that it was precluded from granting visitation during the February 24 trial was erroneous. The Circuit Court of Arlington County issued the August 28 order providing, in relevant part, that "[t]his consent order *shall* be modified by an order of this [c]ourt upon proper motion and hearing." (Emphasis added). The Circuit Court of Arlington County certainly had authority to modify the order at the February 24 trial, or at any time. By dismissing the case on February 19, on the basis that modification had not yet occurred, the circuit court short-circuited the legal process and denied Bonsack her day in court, the following week, to argue the merits of her case. We reverse the trial court's dismissal of the case and remand for a trial on the merits.[4]

For the reason stated above, we reverse and remand this case for a trial on the merits.

<u>Reversed and remanded</u>.

---

[3] The circuit court declined to address any of the issues of law or fact in Gregory's motion for summary judgment, declaring them "moot" in view of the court's dismissal of the visitation case. Additionally, the court made no findings of fact and admitted no evidence. We consider here only the ground upon which the court based its decision to summarily dismiss.

[4] Because we are remanding for a trial on the merits, we do not address Bonsack's other assignments of error. Gregory argues that we can affirm the circuit court's dismissal for other reasons. Application of "right result, wrong reason" doctrine is not proper in "those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision." <u>Whitehead v. Commonwealth</u>, 278 Va. 105, 115, 677 S.E.2d 265, 270 (2009) (quoting <u>Harris v. Commonwealth</u>, 39 Va. App. 670, 675-76, 576 S.E.2d 228, 231 (2003)). Further factual resolution, including determination of the best interests of the children, is required in this case. We therefore decline to consider Gregory's alternative reasons for affirming the circuit court's dismissal.

- 4 -