# Betty S. Kingrey

## v.

# Steven D. Hill

Record No. 920475

January 8, 1993

Present: All the Justices

*Robert F. Rider (Rider, Thomas, Cleaveland, Ferris & Eakin,* on briefs), for appellant.
*Jonathan S. Kurtin (Lutins and Shapiro,* on brief), for appellee.

JUSTICE LACY delivered the opinion of the Court.

On January 8, 1988, Steven and Kimberly Hill lost their way and drove their car onto property belonging to Betty and Frank Kingrey. Frank Kingrey fired a rifle at the Hill vehicle. Steven Hill was injured when a bullet fragment grazed his head.

Steven Hill filed a motion for judgment alleging a cause of action for negligent entrustment against Betty Kingrey, the owner of the rifle. Following an *ore tenus* hearing, the jury returned a verdict for Hill in the amount of $25,000.[1]

Following argument and briefs from counsel, the trial court denied Kingrey's motion to set aside the verdict and entered final judgment on January 6, 1992. We awarded Kingrey an appeal.[2]

The evidence, as recited in the statement of facts, establishes that Betty Kingrey had received the rifle from her grandfather in 1983, placed it with other possessions, and never touched it thereafter. Betty was not present when Frank Kingrey fired the rifle at Steven Hill.

As a result of a felony conviction involving the discharge of a firearm in 1978, Frank Kingrey was prohibited from possessing a firearm. Betty knew about the 1978 incident and conviction, but never instructed Frank not to use the rifle and did not keep the rifle

---

[1] While we do not endorse the jury instructions as models of clarity on the doctrine of negligent entrustment, the statement of facts signed by the trial court, without objection, states that the jury was instructed "on the law of negligent entrustment." We take the record as it comes to us in this regard.

[2] Contrary to Hill's contention in a motion to dismiss, Kingrey's endorsement of the final order as "seen," accompanied by her repeated oral and written arguments challenging the sufficiency of the evidence to support a cause of action for negligent entrustment, clearly afforded the trial court the opportunity to consider the merits of those arguments and adequately preserved the issue for appeal. Code § 8.01-384(A); *Weidman* v. *Babcock,* 241 Va. 40, 400 S.E.2d 164 (1991).

in a manner which would prevent Frank from having access to it. There was no evidence that Betty ever either permitted Frank to use the rifle or prohibited him from doing so. Finally, the evidence showed that Frank had a previous altercation with trespassers on his land at some time in the 10 year period between 1978 and 1988. No firearms were involved in that incident.

Hill argues that these facts, specifically Betty's knowledge of Frank Kingrey's previous actions, coupled with her failure to take steps to keep Frank from using the rifle, support a finding of negligent entrustment of the rifle, and that this negligence was the proximate cause of the injury. We disagree.

Liability under the doctrine of negligent entrustment requires that the owner of the instrumentality used to inflict injury knew, or had reasonable cause to know, that he was entrusting the instrumentality to a third person who was likely to use it in a manner that would cause injury to others. *Hack* v. *Nester*, 241 Va. 499, 404 S.E.2d 42 (1991); *Denby* v. *Davis*, 212 Va. 836, 188 S.E.2d 226 (1972); 2 Restatement (Second) of Torts § 390 (1965). As a matter of law, the facts of this case do not support a finding of negligent entrustment.

As Kingrey argues, nothing in the record supports a finding that Kingrey ''entrusted'' the rifle to her husband. In considering negligent entrustment of automobiles, we have required evidence of express permission, evidence of a pattern of conduct supporting implied permission, or evidence of knowledge that an automobile would be used notwithstanding explicit instructions to the contrary to establish that entrustment occurred. *Denby*, 212 Va. at 838, 188 S.E.2d at 229. These criteria, equally applicable here, are not satisfied by the facts of this case.

There is no evidence that Betty expressly permitted Frank to use the rifle. There is no affirmative act or pattern of action establishing implied permission. Nor is the evidence sufficient to show that Betty knew, or should have known, that regardless of her actions, if Frank had access to the rifle, he would use it to harm others.

Betty's knowledge of a single incident a decade ago involving Frank's use of a firearm is insufficient as a matter of law to support a finding that she should have known that her husband would take the rifle and injure another. The rifle was on the premises for five years without incident. The prior altercation with trespassers did not involve a firearm. There was no habit or pattern of conduct which

supports a finding that Betty knew or should have known that her husband would engage in dangerous or reckless handling of her rifle. Betty Kingrey's failure to keep a gun under lock and key, or failure to otherwise prohibit her husband from using the rifle, does not support a finding that she negligently entrusted the rifle to him under the facts of this case.

Accordingly, we will reverse the judgment of the trial court and enter final judgment for Betty Kingrey.

*Reversed and final judgment.*