## Sandra L. Renner

### v.

## James H. Stafford, Jr., M.D., et al.

Record No. 921175

April 16, 1993

Present: All the Justices

*Warner F. Young, III (Hall, Markle, Sickels & Fudala,* on brief), for appellant.
*Daniel W. Cotter* for appellees.

JUSTICE COMPTON delivered the opinion of the Court.

With increasing frequency, we are confronted with appeals of cases in which a trial court incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits. This is such a case.

On March 27, 1991, appellant Sandra L. Renner filed a motion for judgment against appellees James H. Stafford, Jr., M.D., John H. Lowder, M.D., and their professional corporation, Winchester Women's Specialists. The plaintiff alleged that she had been Stafford's patient for "obstetric care." She asserted that during the course of treatment, he prescribed "the drug Danocrine for endometriosis."

The plaintiff alleged that she "did not have endometriosis" and that the defendants "deviated from the accepted standard of medical care in making the diagnosis of endometriosis and instituting a protracted course of Danocrine therapy." She further alleged that in "January 1989," she "developed pseudotumor cerebri (benign) and intracranial hypertension secondary to the Danocrine."

Additionally, the plaintiff alleged that as a proximate result "of the deviation from the accepted standard of medical care," she "developed intracranial pressure, diplopia, papilledema and headaches as well as other numerous acute and chronic problems." She also asserted that she had incurred "unnecessary medical expenses, pain and suffering, both physical and mental," for which she sought recovery in damages against the defendants.

In an "answer and grounds of defense," the defendants denied the material allegations of the motion for judgment. Later, after the plaintiff had responded to 62 requests for admissions propounded by the defendants, the defendants filed a motion for summary judgment asserting the bar of the statute of limitations.

In that motion, the defendants noted that the plaintiff, on November 30, 1990, "appropriately" had filed a notice of claim pursuant to Code § 8.01-581.2, a provision of the Medical Malpractice Act. The defendants asserted, however, relying on the responses to requests for admissions, that the defendants undertook a continuous course of treatment of the plaintiff that ended at the latest "in the early part of November, 1988." Therefore, according to the summary judgment motion, the November 30, 1990 notice tolling the applicable two-year statute of limitations was untimely, and the action is barred.

According to the defendants, the "Plaintiff contends that her alleged injury from the Danocrine was not discovered until early January, 1989." Nonetheless, the defendants asserted, the statute of limitations began to run, at the latest, from a date in early November 1988, when plaintiff's Danocrine treatment ended.

Following a hearing at which the trial court considered the pleadings, the responses to requests for admissions, and the argument of counsel, the court granted the motion for summary judgment, finding "that the applicable Statute of Limitations has lapsed as to these Defendants." We awarded the plaintiff an appeal from an April 1992 order dismissing the action with prejudice.

A trial court may enter summary judgment only if no material fact is genuinely in dispute. Rule 3:18. The summary judgment rules and the discovery rules, while not intended to substitute a new method for trial when an issue of fact exists, were adopted to permit trial courts to end litigation at an early stage provided it *clearly* appears that one of the parties is entitled to a judgment in the case as made out by the pleadings and the parties' admissions. *Carson* v. *LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993). But a trial court, in considering a motion for summary judgment, must adopt those inferences from the facts that are most favorable to the nonmoving party, unless such inferences are strained, forced, or contrary to reason. *Id.* Conversely, the trial court is not permitted to adopt inferences from the facts that are most favorable to the moving party.

■ On appeal, the defendants maintain that the trial court correctly granted the motion for summary judgment. They note that every action for personal injuries must be brought "within two years after the cause of action accrues," Code § 8.01-243(A). They point to Code § 8.01-230, which provides that a "cause of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained in the case of injury to the person . . . and not when the resulting damage is discovered."

The defendants then embark on a detailed analysis of the plaintiff's responses to the requests for admissions and put their own interpretation on the facts to posit a theory of recovery that is at odds with the plaintiff's theory set forth in the motion for judgment. A recital of the facts contained in the responses is unnecessary; it is sufficient to state that the defendants rely upon plaintiff's admissions that she continued to suffer menstrual cramping and heavy menstrual bleeding while under Stafford's care to conclude that plaintiff suffered an "injury" between October 1987 and early November 1988 when Stafford was prescribing the "danocrine therapy." But that is not the basis of the plaintiff's claim, and neither the motion for judgment nor the plaintiff's responses to requests for admissions "clearly" establishes that to be the basis of the plaintiff's action.

According to the plaintiff, she is not alleging that defendants were negligent in failing to alleviate the problems for which Stafford initially undertook to treat her, namely, menstrual cramps and heavy menstrual bleeding. Rather, plaintiff argues, her allegations of fact furnish a basis for a finding, based upon medical evidence yet to be presented, (1) that Stafford negligently prescribed medication (Danocrine) inappropriate for the plaintiff's condition, (2) that the prolonged use of this medication caused plaintiff to develop conditions such as pseudotumor cerebri and intracranial hypertension, and (3) that such conditions did not occur until January 1989. This date, the plaintiff contends, was when she was "injured," when the cause of action accrued, and when the statute of limitations began to run. We agree with the plaintiff that her allegations properly may be so construed.

■ In determining when the plaintiff's "injury" was sustained, the crucial question in cases like this, when the date of the wrongful act possibly does not coincide with the date of the resulting harm to the plaintiff, is: When was the plaintiff hurt? The answer to this

question must be found mainly in the medical evidence. *Locke* v. *Johns-Manville Corp.*, 221 Va. 951, 958-59, 275 S.E.2d 900, 905 (1981). *See Scarpa* v. *Melzig*, 237 Va. 509, 379 S.E.2d 307 (1989).

■ Here, given the circumstance that the medical evidence supporting the plaintiff's theory has not been developed fully, the record is incomplete on that question, and the trial court prematurely ruled on the issue. Manifestly, there are material facts genuinely in dispute. The plaintiff is entitled to prove, if she can, that she sustained no ''injury,'' no ''positive, physical or mental hurt,'' in the language of *Locke*, 221 Va. at 957, 275 S.E.2d at 904, until January 1989.

Consequently, we hold that the trial court erred in entering summary judgment; it will be annulled and the case will be remanded for further proceedings, without prejudice to the defendants' right to reassert the bar of the statute of limitations after full development of the evidence.

*Reversed and remanded.*