## CIRCUIT COURT OF WARREN COUNTY

Gloria A. Stanley, Adm'x

v.

Christopher L. Williams
and Mary F. Gray

June 10, 1997

Case No. (Law) 97-38

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on the defendant Gray's motion for summary judgment on the grounds that a co-owner of an automobile cannot negligently entrust that automobile to the other owner. Upon consideration of the parties' arguments and memoranda of authorities, the Court has decided to sustain the defendant Gray's Motion for Summary Judgment.

### I. *Statement of Material Facts*

The following material facts are not in dispute.
Plaintiff's decedent was killed in an automobile accident on April 25, 1995. The defendant Christopher Williams was driving the automobile in which the decedent was a passenger. The automobile involved in the accident was owned by the defendant Christopher Williams and the defendant Mary Gray and was so indicated on the certificate of title.

Although Christopher Williams is an adult and co-owner of the automobile in question, the plaintiff has also sued Mary Gray, the co-owner, alleging that "Williams was a negligent driver with a history of reckless driving that should have been known to defendant Gray. Plaintiff [also] alleges that without the co-signature of defendant Gray defendant Williams could have never obtained the vehicle involved in the accident ...." Plaintiff's Memorandum, page 4.

## II. *Conclusions of Law*

### 1. *Summary Judgment*

Summary Judgment is appropriate if there is no material fact genuinely in dispute. Supreme Court Rule 3:18; *Carson v. LeBlanc*, 245 Va. 135, 139, 427 S.E.2d 189 (1993); and *Metro Machine Corp. v. Mizenko*, 244 Va. 78, 83, 419 S.E.2d 632 (1992) (citing *Gaudet v. Exxon Corp.*, 562 F.2d 351, 355 (5th Cir. 1977), *cert. denied* 436 U.S. 913 (1978)). While the Supreme Court of Virginia frowns on the short-circuiting of litigation where there are genuine issues of fact in dispute or conflicting inferences which may be drawn from uncontested facts, *Renner v. Stafford*, 245 Va. 351, 429 S.E.2d 351 (1993), there is no genuine issue of fact in dispute or conflicting inferences upon which reasonable men could differ in this case with respect to Mary Gray's potential liability based on her status as a co-owner of the automobile.

### 2. *Negligent Entrustment*

"[I]t is negligent to permit a third person to use a thing ... which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing ... in such a manner as to create an unreasonable risk of harm to others." Restatement (Second) of Torts, § 308. *Accord Kingery v. Hill*, 245 Va. 76, 425 S.E.2d 298 (1993) (rifle); *Hack v. Nester*, 241 Va. 499, 404 S.E.2d 42 (1990) (automobile); and *Denby v. Davis*, 212 Va. 836, 188 S.E.2d 226 (1972) (automobile). The Supreme Court has not expressly considered the issue of the potential liability of a co-owner for negligent entrustment. However, in *Kingery v. Hill*, 245 Va. 76, 78 (1993), the Virginia Supreme Court stressed that "[i]n considering negligent entrustment of automobiles, we have required evidence of express permission, evidence of a pattern of conduct supporting implied permission, or evidence of knowledge that an automobile would be used notwithstanding explicit instructions to the contrary to establish that entrustment occurred." The vicarious liability of the owner arises from his legal power to control the automobile, when he negligently entrusts it to someone who later injures a third party. Since the joint owners of an automobile each have the power to control the automobile, neither must legally submit to the wishes of the other with respect to their use of the automobile; therefore, a co-owner cannot negligently entrust the motor vehicle to another co-owner. *See Patton v. Hoge*, 63 Va. (22 Gratt.) 443, 450 (1872) (joint tenants of real property are each possessed of the whole).

While there is some divergence of opinion in other states on the issue of whether a co-owner may be held to have negligently entrusted the co-owned vehicle to the negligent driver owner, *see, e.g., Zedalla v. Gibson*, 650 N.E.2d 1000 (Ill. 1995) (no liability because "one co-owner does not have a superior right of control over a vehicle compared to another co-owner), and *Kathlenberg v. Goldstein*, 431 A.2d 76 (Md. 1981) (father liable where he gave a car to his son who had a history of reckless driving), "liability for the negligent use of a motor vehicle cannot, generally, be predicated against the owner at common law merely because of the ownership of the vehicle." 7A Am. Jur. 2d, *Automobiles and Highway Traffic*, § 641; *see also* § 678. While the plaintiff relies upon *Kathlenberg, supra*, the Maryland Court of Appeals in that case considered very significant the fact that the father made a gift of the car to his son, and even then it noted that the "law in other states does not impose negligent entrustment liability on one who makes a gift of an automobile to an incompetent driver ...." *Kathlenberg v. Goldstein, supra* at 81. Therefore, under the facts alleged in this case, Christopher Williams had as much right as Gray to use car, so Gray, as a co-owner of the automobile, cannot be found to have negligently entrusted their jointly owned car to Christopher Williams.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that Mary F. Gray's Motion for Summary Judgment is granted, and the Motion for Judgment is dismissed, with prejudice, as to defendant Mary F. Gray.