# CIRCUIT COURT OF THE CITY OF SALEM

Realstar Realtors, L.L.C.

v.

Robert E. Glenn,
Executor of the Estate of
Roger W. Smith,
deceased

August 4, 2000

Case No. CL99-186

BY JUDGE CLIFFORD R. WECKSTEIN

The defendant, as executor of the Estate of Roger W. Smith, says that the plaintiff, Realstar Realtors, L.L.C., cannot possibly prove its claim that the estate owes Realstar a commission as a result of the sale of a building. Even if he is right, his demurrer to the plaintiff's amended motion for judgment must be overruled.

A demurrer merely "tests the sufficiency of factual allegations to determine whether the motion for judgment states a cause of action." *Fun v. Virginia Military Inst.*, 245 Va. 249, 252, 427 S.E.2d 181 (1993). The plaintiff filed documents with its reply to the demurrer. By agreement of counsel, I have considered these documents in ruling on the demurrer, just as if they had been filed with and incorporated in the amended motion for judgment. *See Caudill v. County of Dinwiddie*, 259 Va. 785, 529 S.E.2d 313 (2000).

In his demurrer, the executor asked that the amended motion for judgment be dismissed because it was not filed within the time allowed by this court's decree of December 30, 1999. In the exercise of judicial discretion and the interests of justice, I have denied the motion to dismiss, and extended the time for filing the amended motion for judgment through the date on which it was filed.

In summary, these are the facts of the case, as Realstar states them in its amended motion for judgment.

Smith owned property on Industrial Drive in the City of Salem, which Realstar managed under a written "management agreement." Under that agreement, Smith would pay Realstar a sales commission in an amount "to be negotiated," if the property was sold as a result of negotiations initiated during the term of the management agreement. During the agreement's term, Pitzer Transfer and Storage Company leased the property; Pitzer thereafter was purchased by the Sibila Family Limited Partnership. Pitzer's lease (which Smith signed) provided that Sawyer Properties, Inc., would receive a sales commission of eight percent of the gross purchase price to be paid by the seller in the event that the property was purchased by the "lessee, its successors, or assigns." The Sibila Partnership bought the property. During the negotiation of the lease and the sale "it was negotiated and agreed" that the eight percent commission specified in the lease "would constitute the commission due under the Management Agreement," with that commission to be shared equally by Realstar and Sawyer.

When considering the demurrer, I must treat all of Realstar's factual assertions as true, giving the plaintiff the benefit of all inferences that fairly can be drawn from the facts alleged. I also must assume the truth of all assertions of fact that can be "fairly and justly inferred" from the amended motion for judgment. However, the plaintiff is not entitled to the assumption that its legal theories are correct. *Breeding v. Hensley*, 258 Va. 207, 211-12, 519 S.E.2d 369 (1999); *Runion v. Helvestine*, 256 Va. 1, 7, 501 S.E.2d 411 (1998); *Ward's Equipment, Inc., v. New Holland North America, Inc.*, 254 Va. 379, 383, 493 S.E.2d 516 (1997); *Rosillo v. Winters*, 235 Va. 268, 270, 367 S.E.2d 717, 717 (1988). "A demurrer . . . does not allow the court to evaluate and decide the merits of a claim." *Fun v. V.M.I., supra.*

The defendant, says, in essence, that the carefully-worded assertions of the amended motion for judgment fail to mask the fact that the plaintiff cannot prove what it alleges. Even if there were evidence to support some of the claims made in the amended motion for judgment, the executor says, that evidence would be inadmissible, barred by the parol evidence rule, the statute of frauds, or basic rules of evidence. It is conclusively apparent, even at this early stage of the proceedings, the defendant says, that the plaintiff seeks to erect a structure that cannot stand.

Once the case is more fully developed, a judge might agree with the executor. At this stage, however, the facts are what Realstar says they are; the inferences, if any, that a judge draws from the amended motion for judgment are drawn in Realstar's favor. A trial court, in considering a demurrer, just as

"in considering a motion for summary judgment, must adopt those inferences from the facts that are most favorable to the nonmoving party, unless such inferences are strained, forced, or contrary to reason. Conversely, the trial court is not permitted to adopt inferences from the facts that are most favorable to the moving party." *Renner v. Stafford*, 245 Va. 351, 354, 429 S.E.2d 218 (1993) (citation omitted).

The Supreme Court's opinion in *Renner v. Stafford* begins with these words: "With increasing frequency, we are confronted with appeals of cases in which a trial court incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits. This is such a case." *Id.* at 352. At least twice, opinions of the Court have approvingly repeated those words: *See Seyfarth, Shaw, Fairweather & Geraldson v. Lake Fairfax Seven Limited Partnership*, 253 Va. 93, 94, 480 S.E.2d 471 (1997); *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 279 (1993). If I were to accept the defendant's arguments about the effect or the admissibility of evidence that might, if it exists, support the plaintiff's position, I would "adopt inferences from the facts that are most favorable to the moving party," *Renner, supra*; I would "incorrectly have short-circuited litigation pretrial." *Id.*

Therefore, I overrule the defendant's demurrer.