# CIRCUIT COURT OF THE CITY OF NORFOLK

Roger E. Morris

 v.

Valorie Massingill
and City of Norfolk

March 9, 2004

Case No. (Law) CL02-690

BY JUDGE MARC JACOBSON

The Defendant Valorie Massingill by way of Motion for Summary Judgment has moved the Court to grant summary judgment on the remaining Counts of defamation and tortious interference with a prospective economic opportunity.

In Virginia, a trial court may enter summary judgment only if no material fact is genuinely in dispute. R. Sup. Ct. Va. 3:18. In considering a motion for summary judgment, a trial court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason. *Dickerson v. Fatehi*, 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997). Summary judgment is authorized only where the moving party is entitled to judgment as a matter of law. It is appropriate only where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove. *Id.*; *Stevens v. Howard D. Johnson Co.*, 181 F.2d 396 (4th Cir. 1950); *Hill v. Diamond*, 203 F. Supp. 877 (E.D. Va. 1962); Michie's Jur., *Judgments & Decrees*, § 217.3. Summary judgment does not substitute a new method of trial where an issue of fact exists, but instead permits a trial court to end litigation at an early stage when it clearly appears that one of the parties is entitled to a judgment in the case as made out by the pleadings and parties' admissions. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588, 591 (1954); *see also Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993).

As to the claim of Roger E. Morris for tortious interference with a prospective economic opportunity, to wit, promotion as a member of the United States Navy, it is undisputed that, in fact, Plaintiff did actually receive a promotion to Lieutenant in March of 2002, effective October 2000, and received full back pay. Plaintiff could not argue that he would have or could have received the promotion earlier than October 2000. Further, it is undisputed that Plaintiff's personnel file does not contain nor reflect information that allegedly would affect or impinge upon possible future promotions. Accordingly, the Court sustains the Motion for Summary Judgment as to the alleged tortious interference with a prospective economic opportunity and that count is dismissed with prejudice.

As to the remaining count of alleged defamation, the Court, at this time, for the purpose of consideration of the Motion for Summary Judgment only, denies said Motion.