## CIRCUIT COURT OF THE CITY OF ROANOKE

Xtreme 4X4 Center, Inc.

v.

Joshua M. Howery et al.

September 13, 2004

Case No. CH03-846

BY JUDGE CHARLES N. DORSEY

This case is before the Court on Defendants' motions for summary judgment and demurrer. For the following reasons, the Court sustains the motions for summary judgment and dismisses the case with prejudice.

### Facts

Xtreme 4X4 Center, Incorporated, filed a bill of complaint against Joshua Howery, James McHenry, Robert Morawski, and Danielle Napier, asserting that they had conspired to willfully and intentionally injure Xtreme in its reputation, trade, or business in violation of Virginia Code §§ 18.2-499 and 18.2-500. Xtreme alleges that the false and defamatory statements circulated by the defendants that injured the business also served to promote a competitor. Xtreme sought *pendente lite* and permanent injunctions, while claiming damages of $50,000, which could be trebled by § 18.2-500(A).

Demurrers were filed by Mr. Morawski and Mr. McHenry. After initial discovery was received, Ms. Napier and Mr. Howery filed motions for summary judgment. The Court heard oral arguments on these motions on July

470

13, 2004. Mr. Morawski subsequently filed a motion for summary judgment, referencing the grounds advanced in his demurrer and at the hearing.

The defendants have based their request for summary judgment upon one of Xtreme's answers to Howery's interrogatories. The question asked Xtreme to "set forth in detail the substance of the 'false and defamatory information about the complainant' referenced in Paragraph 1 of the Bill of Complaint." In response, Xtreme attached some thirty pages of documents, with twenty-six of those pages constituting various posts from an Internet message board sponsored by Southwestern Virginia Four Wheelers. Only eight of the specified posts were authored by any of the defendants.

Mr. Howery posted three of the eight statements that were submitted by the complainant. They are as follows:[1] "Xtreme Truck!!!!:-);"[2] "I didn't see the like for 'Here is the owner screwing someone out of a lot of money';"[3] "sorry replace 'like' with 'link' … doh, need more coffee. . . ."[4]

Mr. Morawski posted two statements:

> I can't stop laughing. … There is lots of funny stuf [sic] here. Hey he stocks lots and lots of stuff in stock. … Now I know why I see lots and lots of these damn Thornbird tires around here. … Someone needs to buy this guy a Thesaurus so he can know a different word than "lots."[5]

> But you should treat everyone as a potential customer at the most, and a source of good publicity at the least. If someone feels that they are treated badly, they not only wont [sic] go back, they will tell others not to go either. The first time I went in there I was looking for some parts, I think it may have been a hitch or a body lift, I can't remember … Anyway, he tosses a catalog at me and tells me to look it up. So I do, and then start some "small talk"

---

[1] Though not significant to the analysis, all quotes herein from the Internet will include "emoticons" (punctuation and other symbols, which are intended to convey inflection or emotion usually lacking in written language, such as ":-)," to convey a smile or humor), when they were included originally.

[2] Ex. A at 33. This statement responded to a query requesting information on where to have work done on a truck.

[3] Ex. A at 31. This post was part of a thread discussing a website advertisement of the complainant.

[4] Ex. A at 30. This post corrected the previous statement by Mr. Howery.

[5] Ex. A at 32. This post was part of a thread discussing a website advertisement of the complainant.

about the local trails, and he didn't know where any were, other than saying that some people go to somewhere called Pott's Mtn … . He couldn't even show me on a map where it was. And it wasn't like he was busy with a bunch of customers either … it was just him and me … Well to each his own. … If you can get along with him and like to deal with him … more power [to you].[6]

Ms. Napier also posted two statements:

You have clearly been brainwashed! As an example, Sam wanted to charge me $6500 for exactly what I have now (only poorer quality parts) DC didn't even charge me half of that AND if something goes wrong or I need help he's always there for me with wrenches, beer and a pool! D ;o) ps Sam can be a nice guy, he was nice to me BUT he saw a sucker. I didn't know a lift from a barstool at the time. Beware of the niceness, it's a cover up for a grand money making scheme.[7]

I think everyone's point was simply that it would be easier for Sam to pay the bills and make a profit at the end of the day if he were a little more polite and accommodating. He doesn't seem to really need anymore customers, he seems to do a good business now. However, he would gain more new customers and repeat business if he were a little more personable.[8]

Mr. McHenry posted only one statement: "I wonder what happened during that ride is what scares me."[9]

The defendants' requests for summary judgment are predicated solely upon these statements.

*Analysis*

---

[6] Ex. A at 21. This statement responded to an earlier post by a patron of Xtreme.

[7] Ex. A at 22. This statement responded to a post by a customer discussing a "ride in Sam at Xtremes [sic] Red cherokee."

[8] Ex. A at 14. This is part of a post that compared Xtreme to the competing business of "DC." (in pertinent part).

[9] Ex. A at 24. This statement responded to a post by a customer discussing a "ride in Sam at Xtremes [sic] Red cherokee."

■■■■■■■■■■■■

Virginia Code § 18.2-499 criminalizes actions taken by two or more people "who combine ... or concert together for the purpose of (i) willfully and maliciously injuring another in his ... business ... ." Although this is a criminal statute, Va. Code § 18.2-500 provides that an individual "injured in his ... business ... by reason of a violation of § 18.2-499, may sue therefor and recover" treble damages, along with costs and attorney's fees.

To demonstrate a violation of §§ 18.2-499 and 18.2-500, Xtreme must prove through clear and convincing evidence: "(1) concerted action, (2) legal malice, and (3) causally-related injury." [10] If any one of these elements is not present, the Court will sustain the motions for summary judgment. [11] The parties did not address the first nor third elements, but rather focused their arguments for summary judgment singly upon the failure to provide any evidence of defamatory conduct. These arguments only implicate the second element, "legal malice," and the Court confines its decision accordingly.

"Legal malice" requires a showing that the defendants acted "intentionally, purposefully, and without legal justification." [12] In turn, "without lawful justification" means that the actions were taken "to accomplish some criminal or unlawful purpose, or to accomplish some purpose, not in itself criminal or unlawful, by criminal or unlawful means." [13]

The bill of complaint does not allege any criminal or unlawful purpose. Rather, the complaint only states that the defendants conspired to injure Xtreme in its reputation, trade, and business. Although the complaint tracks the language of the statute, this alone does not constitute a criminal or unlawful purpose under the statute. To establish such purpose, the complainant "must point to a violation of a legally protected interest." [14]

However, the complaint does state that the defendants conspired to injure Xtreme in violation of the statute by "circulating false and defamatory

---

[10] *Virginia Vermiculite, Ltd. v. W. R. Grace & Co.-Conn.*, 144 F. Supp. 2d 558, 601 (W.D. Va. 2001).

[11] *See Simmons v. Miller*, 261 Va. 561, 579, 544 S.E.2d 666, 677 (2001) (finding no statutory conspiracy where plaintiff failed to prove concerted action); *Hechler Chevrolet, Inc. v. General Motors Corp.*, 230 Va. 396, 402-03, 337 S.E.2d 744, 748 (1985) (finding no statutory conspiracy where the plaintiff failed to show underlying unlawful conduct or an unlawful purpose); *Virginia Vermiculite, Ltd.*, 144 F. Supp. 2d at 610 (holding that the plaintiff could not recover where there was no proof of causally-related damages).

[12] *Simmons*, 261 Va. at 578, 544 S.E.2d at 677; *see Feddeman & Co. v. Langan Assocs.*, 260 Va. 35, 45, 530 S.E.2d 668, 674 (2000).

[13] *Hechler Chevrolet, Inc.*, 230 Va. at 402, 337 S.E.2d at 748; *see Commercial Bus. Sys., Inc. v. BellSouth Servs., Inc.*, 249 Va. 39, 48, 453 S.E.2d 261, 267 (1995). "There can be no conspiracy to do an act which the law allows." *Hechler Chevrolet, Inc.*, 230 Va. at 402, 337 S.E.2d at 748.

[14] *Virginia Vermiculite, Ltd. v. Historic Green Springs, Inc.*, 307 F.3d 277, 284 (4th Cir. 2002).

information."[15] The defendants, in moving for summary judgment, assert that the claimed defamatory statements, even when taken in the light most favorable to Xtreme, are based on opinion and cannot be proven true or false.

"Summary judgment upon all or any part of a claim may be granted to a party entitled to such judgment when no genuine issue of material fact remains in dispute, and the moving party is entitled to judgment as a matter of law."[16] In deciding whether to grant summary judgment, the Court may rely upon, *inter alia*, the pleadings, answers to admissions, and answers to interrogatories, but the Court must consider all factual inferences "in the light most favorable to the non-moving party, unless the inferences are strained, forced, or contrary to reason."[17]

A defamatory statement is a false statement that injures another in his reputation.[18] Some words are *per se* defamatory, such as those that injure a "person in his or her profession or trade," whereas other statements are not *per se* defamatory, but become actionable because they cause the individual some special damage not implied in law.[19] Generally, allegedly defamatory statements are to be assigned their plain and natural meaning, not to be "extended beyond its ordinary and common acceptation."[20]

But, the Supreme Court of Virginia has stated:

> Pure expressions of opinion, not amounting to "fighting words," cannot form the basis of an action for defamation. The First Amendment to the Federal Constitution and Article 1, § 12, of the Constitution of Virginia protect the right of the people to teach, preach, write, or speak any such opinion, however ill-founded, without inhibition by actions for libel and slander.[21]

Statements of fact, on the other hand, can form the basis of a defamation action, even though they are made to support or justify an opinion.[22]

---

[15] Bill of Complaint, & 1.

[16] *Andrews v. Ring*, 266 Va. 311, 318, 585 S.E.2d 780, 783 (2003) (citing Rule 3.18; *Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993)).

[17] *Andrews*, 266 Va. at 318, 585 S.E.2d at 783-84 (citing *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993)).

[18] *Black's Law Dictionary*, 428 (7th ed. 1999).

[19] *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 7, 82 S.E.2d 588, 591 (1954).

[20] *Id.* at 7-8, 82 S.E.2d at 592.

[21] *American Communications Network, Inc. v. Williams*, 264 Va. 336, 340, 568 S.E.2d 683, 686 (2002) (quoting *Chaves v. Johnson*, 230 Va. 112, 119, 335 S.E.2d 97, 101-02 (1985)).

[22] *Williams v. Garraghty*, 249 Va. 224, 233, 455 S.E.2d 209, 215 (1995); *see Swengler v. ITT Corp.*, 993 F.2d 1063, 1071 (4th Cir. 1993).

It is within the province of the Court to determine, as a matter of law, whether allegedly defamatory statements are statements of fact or of opinion.[23] If the Court finds that these statements are mere opinions and not defamatory, there can be no actionable claim of conspiracy under § 18.2-499. If the Court finds that these statements are factual statements, not opinion, then the motion for summary judgment should be denied. Each statement must be examined to determine if it is defamatory or whether it is based in opinion.

All of Mr. Howery's posts represent statements of opinion. The first statement, when taken in context, suggests where an individual might go to have work done on a truck. The second and third statements, when read together, express Mr. Howery's opinion that the owner of Xtreme does not provide adequate goods for the prices that he charges. These statements are not provable and consequently are statements of opinion.

Mr. Morawski's first statement, while possibly insulting, could not "reasonably be understood ... to convey a false representation of fact." [24] In Mr. Morawski's second statement, he says that the business would be more profitable if it improved customer relations and follows with a discussion of his personal experience as a customer at Xtreme. His statement that Xtreme should treat customers better is clearly opinion. While the rest of his statement is arguably factual, it cannot be said that it is defamatory. When taken in its plain meaning, the speaker points out that the shopkeeper was unable to show him where any off-road trails were and suggests that the shopkeeper was slightly unfriendly. These are not statements that serve to injure a trade or business, nor do they injure reputation.[25]

Both of Ms. Napier's statements are shrouded in opinion. Nothing within the first statement could be regarded as a fact that could be proven true or false. While she does compare prices and quality of parts, with the implication being that "DC" charges less than Xtreme for better parts, these statements depend upon the speaker's viewpoint and are, therefore, opinion.[26] The second statement is also opinion, providing suggestions as to how Xtreme could obtain more business.

---

[23] *American Communications*, 264 Va. at 340, 568 S.E.2d at 685; *Chaves*, 230 Va. at 119, 335 S.E.2d at 102.

[24] *Yeagle v. Collegiate Times*, 255 Va. 293, 296, 497 S.E.2d 136, 137 (1998) (quoting *Crawford v. United Steel Workers, AFL-CIO*, 230 Va. 217, 234, 335 S.E.2d 828, 839 (1985)).

[25] *Cf. Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 133, 575 S.E.2d 858, 861 (2003) (holding that the defendants' statements that doctors "abandoned" patients and that there were "concerns about their competence" prejudiced the doctors in their profession).

[26] *See Chaves*, 230 Va. at 119, 335 S.E.2d at 101 (holding that a defendant's stating that professional fees were excessive depended upon the speaker's viewpoint, which made the comment one of opinion).

Finally, Mr. McHenry's statement is not defamatory because it does nothing to prejudice business or trade, nor does it in any way injure reputation.

All of the statements advanced by the complainant as defamatory either are non-defamatory statements or constitute matters of opinion, both being protected by the First Amendment. Because Mr. Howery, Mr. Morawski, and Ms. Napier all moved for summary judgment in this matter, the bill of complaint as to these three defendants is dismissed with prejudice.

Exclusively for the purposes of demurrer, it could be said that the complainant has stated a claim against Mr. McHenry. However, the suit against all other co-conspirators being dismissed with prejudice, precipitates the Court dismissing the claims against Mr. McHenry as well. As Va. Code § 18.2-499 requires the combination of "two or more persons," there is no set of facts that would permit Xtreme to amend its complaint to allege a cause of action against Mr. McHenry under this statute. The bill of complaint is dismissed as to Mr. McHenry with prejudice.