# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Atlantic Futon

   v.

Tempur-Pedic, Inc.,
and Michael Penny

April 26, 2005

Case No. (Law) 04-236

BY JUDGE EDWARD L. HOGSHIRE

Responding to Atlantic Futon's Motion for Judgment, Tempur-Pedic, Inc., ("Defendant") filed demurrers on claims for damages resulting from a violation of the Virginia Business Conspiracy Act, Va. Code. §§ 18.2-499 *et seq.*, and for damages resulting from a violation of the Virginia Antitrust Act, Va. Code §§ 59.1-9.7 *et seq.* For the reasons stated below, this Court finds (1) Plaintiff properly pleaded concerted action and (2) the antitrust claim survives demurrer.

*Procedural History*

On November 15, 2004, Plaintiff filed a Motion for Judgment against Defendant and Michael Penny in the Circuit Court for the City of Charlottesville, alleging breach of fiduciary duty by Penny, business conspiracy in violation of Virginia's Business Conspiracy Statute by Penny and Defendant, and a violation of the Virginia Anti-Trust Act by Defendant. Plaintiff requested damages in the amount of $400,000.00, as well as treble damages and attorney's fees. Defendant responded with demurrers on December 27, 2004. Both sides filed briefs, and this Court heard oral arguments on the issues on April 4, 2005. In an order entered on April 18,

2005, the Court sustained Tempur-Pedic's demurrer with respect to the Virginia Business Conspiracy claim, finding that the Plaintiff failed to allege the element of malice as required by Va. Code § 18.2-499. The Court also sustained Defendant's demurrer with respect to Plaintiff's claim for treble damages. The issue of whether the Plaintiff properly alleged "concerted action" under Va. Code § 18.2-499 and the issues raised by the demurrer with respect to the Virginia Antitrust Act were taken under advisement.

## Standard of Review

For the purposes of demurrer, the facts as stated in Plaintiff's Motion for Judgment will be taken as true and correct. The facts admitted are those expressly alleged, those that fairly can be viewed as impliedly alleged, and those that may fairly and justly be inferred from the facts alleged. *Rosillo v. Winters*, 235 Va. 268, 270 (1988) (quoting *Ames v. American National Bank*, 163 Va. 1, 37 (1934)). As long as a claim contains sufficient allegations of material fact to inform the respondent of its true nature and character, it will withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993). However, a demurrer will be sustained when the pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273.

## Statement of Facts

Defendant manufactures and sells mattresses and sleep products throughout the United States. MFJ ¶ 2. Plaintiff, a retailer in Charlottesville, Virginia, began selling Defendant's products in May 2000. MFJ ¶ 9. Plaintiff used a national direct internet sales program to market these products and advertised them as for sale both in central Virginia and nationwide. MFJ ¶ 9-10.

At the time Plaintiff began marketing Defendant's products, Plaintiff employed Penny as its general manager. MFJ ¶ 6. However, Penny voluntarily terminated his employment in October 2003. MFJ ¶ 5. In early November 2003, Penny opened a competing business in Ivy, Virginia, known as "The Savvy Sleeper." MFJ ¶ 15. This business also engages in direct internet marketing of Defendant's sleep products to a national market and advertises them as for sale both locally and nationally. MFJ ¶ 15.

In March 2004, Defendant implemented new policies that prohibited Plaintiff from marketing products outside of the Central Virginia area via the internet in favor of a few preferred national accounts. MFJ ¶ 17. Additionally,

Defendant reduced Plaintiff's credit line to $0, declined to process any new orders until Plaintiff's balance was paid in full, and refused to provide Plaintiff's customers with replacement mattresses if they returned a mattress purchased on a trial basis. MFJ ¶ 17. Despite the implementation of the new policy, Defendant has permitted Penny to continue marketing its products to a national audience via the internet. MFJ ¶ 19.

### Issues

1. Whether Plaintiff has properly alleged concerted action under the Virginia Business Conspiracy Act.
2. Whether Plaintiff has properly stated a claim under the Virginia Antitrust Act.

### Analysis

#### I. Count II: Business Conspiracy

In order to state a cause of action under the Virginia Business Conspiracy Act, Va. Code § 18.2-499, a plaintiff must allege concerted action, legal malice, and causally related injury. *Xtreme 4x4 Ctr., Inc. v. Howery*, 65 Va. Cir. 469, 472 (Roanoke 2004). In order to survive demurrer, a conspiracy claim made under Va. Code § 18.2-499 must set forth core facts to support the claim. *Mutual Funding, Inc. v. Collins*, 62 Va. Cir. 34, 39 (Spotsylvania County 2003).

Virginia case law provides little guidance as to the proper pleading of concerted action. The concerted action must be a mutual undertaking by two or more persons with the intent to willfully and maliciously injure another in his business, trade, or profession. *T. G. Slater & Son, Inc v. The Donald and Patricia Brennan L.L.C.*, 385 F.3d 836, 845 (4th Cir. 2004). There is no cause of action under the statute for independent action taken by two parties. *Virginia Vermiculite, Ltd. v. W. R. Grace & Co.*, 144 F. Supp. 2d 558 (W.D. Va. 2001).

Plaintiff asserts that Tempur-Pedic, after implementing a new policy that limited internet marketing of its products to a few preferred national accounts, conspired with Penny and allowed him to continue to market its product on a nationwide basis. Defendant, in granting this policy exemption, and Penny, in marketing the products nationally via the internet, conspired to gain economic benefit and in doing so harmed Plaintiff's business. Thus, Plaintiff has properly alleged concerted action.

*II. Count III: Violation of Virginia Antitrust Act*

Very few Virginia courts have addressed claims brought under Va. Code §§ 59.1-9.7 *et seq*. However, the Virginia Antitrust Statute is substantially the same as the Robinson-Patman Act, 15 U.S.C. § 13. *See Commonwealth Life Ins. v. Clinch Valley Community Hosp*., 19 Va. Cir. 514, 517 (Tazewell County 1982). Thus, the state statute should be applied and construed in harmony with the federal legislation. *Id*. Plaintiff is pursuing a claim under Va. Code § 59.1-9.7(e), the terms of which are virtually identical to those found in Section 2(e) of the Robinson-Patman Act, forbidding companies from providing services and facilities unequally. The regulations applicable to this provision provide a non-exhaustive list of examples of "services or facilities" which includes cooperative advertising, catalogues, displays, and special packaging. 16 C.F.R. § 240.7. "Services or facilities" also include anything that aids in the processing, handling, or resale of a commodity by a purchaser, such as promotional and merchandising aids. *Secatore's, Inc. v. Esso Standard Oil Co*., 171 F. Supp. 665, 668 (D. Mass. 1959).

Violations of this provision occur when a supplier takes affirmative action to favor a certain purchaser, such as engaging in indirect price discrimination by offering one buyer something of value not offered to other buyers. *See Robbins Flooring, Inc. v. Federal Floors, Inc*., 445 F. Supp. 4, 8 (E.D. Pa. 1977). For example, the United States Supreme Court found that a manufacturer of patterns violated 15 U.S.C. § 13(e) by providing display cabinets and pattern catalogues free of charge to variety stores while charging fabric stores. *F.T.C. v. Simplicity Pattern Co*., 360 U.S. 55 (1959).

Plaintiff alleges that Tempur-Pedic allowed The Savvy Sleeper to market products to a national audience via the internet but refused to permit Plaintiff to do so. Defendant correctly points out that implementing a policy that favors national accounts over regional retailers does not violate the Robinson-Patman Act or the Virginia Antitrust Statute. Nor does a change in credit terms. *Secatore's*, 171 F. Supp. at 668. However, Plaintiff has alleged that Defendant preferentially selected Penny as a national account while prohibiting Plaintiff from engaging in direct internet marketing to a national sales audience, amounting to selective endorsement. This unequal application of the policy aids Penny in the marketing and resale of Defendant's product by providing him something of value not offered to Plaintiff.

Given the minimal guidance provided by state and federal case law, the Court finds that Plaintiff's allegations fall within the scope of behavior prohibited by the Virginia Antitrust Act. Therefore, this count survives demurrer.

*Conclusion*

The Court finds that (1) Plaintiff properly alleged the "concerted element" action under the Virginia Business Conspiracy Act and (2) Plaintiff's claim under the Virginia Antitrust Act survives demurrer.