# CIRCUIT COURT OF THE CITY OF NORFOLK

N.R.H.A.

v.

The St. Joe Co.

August 16, 2010

Case No. (Civil) L09-6569

By Judge John R. Doyle, III

This matter came before the Court for argument on August 10, 2010, upon cross-motions for Summary Judgment on Count I (Constructive Trust) and Count II (Unjust Enrichment). The Court has considered carefully the briefs and arguments submitted by counsel in this matter. After consideration, the Court grants the Motion for Summary Judgment in favor of N.R.H.A. on Count 1 and Court 2 and denies the Motion for Summary Judgment for The St. Joe Company on both Count 1 and Count 2.

## I. *Background*

This case arises out of a dispute as to the character and ownership of certain monies The St. Joe Company ("St. Joe") took possession of in July 2009. St. Joe came into possession of these funds when it asserted its authority under the Deposit Account Control Agreement to seize Advantis Real Estate Services Company's ("Advantis") operating accounts in the event that Advantis defaults on its obligations to St. Joe. The money in dispute totals to $115,343.06.

At the time of the seizure by St. Joe, Advantis was also a party to the 1999 Management and Leasing Services Agreement ("Management Agreement") with N.R.H.A. Under the terms of this agreement, N.R.H.A. granted Advantis the right to serve as its agent and enter into contracts on its behalf. Under this authority, Advantis entered into two contracts on behalf of N.R.H.A. with respect to renovations for a commercial building owned by N.R.H.A. on Granby Street in Norfolk, Virginia, one with Eastern Waterproofing and Restoration of Virginia, Co., L.L.C., and one with DLM Architects ("Contractors").

After the Contractors completed the renovations, Advantis sent invoices to N.R.H.A. describing the exact costs of these services as well as their management fee, which was agreed upon by Advantis and N.R.H.A. in the Management Agreement. N.R.H.A. sent two checks to Advantis in reference to these invoices, and both were cashed by Advantis and placed into its general operating account. As of July 20, Advantis had not distributed the funds to the Contractors, and N.R.H.A. demanded that Advantis do so in Cure Notices sent on July 17 and 20, 2009. Before Advantis distributed these funds to the appropriate Contractors, St. Joe asserted its authority to freeze the funds in Advantis' accounts.

N.R.H.A. argues that, when St. Joe seized the funds from the operating account of Advantis, it took funds that actually belonged to N.R.H.A. by virtue of the Management Agreement between Advantis and N.R.H.A. St. Joe argues that the funds did belong to Advantis and that N.R.H.A. was merely an unsecured creditor and not the owner of the funds, which gave it the right to seize the money pursuant to the Deposit Account Control Agreement.

## II. *Standard for Summary Judgment*

Summary judgment may only be entered if there are no material facts genuinely in dispute. *Renner v. Stafford*, 245 Va. 351, 353, 429 S.E.2d 218, 220 (1993); Va. Sup. Ct. R. 3:20. When a court considers a motion for summary judgment, "the court must rule, as a matter of law, on the sufficiency of the evidence; it [should] not weigh the evidence as a finder of fact." *Piland Corp. v. League Constr. Co.*, 238 Va. 187, 189 (1989). The deciding court may grant summary judgment only if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *See e.g., Freeman v. Norfolk*, 221 Va. 57, 60 (1980).

## III. *Analysis*

In this case, summary judgment is appropriate because there are no genuine issues of fact in dispute and there is sufficient evidence to uphold a finding in favor of N.R.H.A.

The Court finds that to resolve this case, it must determine which party is the true owner of the $115,343.06 in dispute. More specifically, the Court must determine as a matter of law, whether N.R.H.A. is an unsecured creditor or rather is the owner of the funds in question. The Court considered many factors in its determination and concludes as a matter of law that the funds were the property of N.R.H.A.

Under the Management Agreement, Advantis was granted authority to act on behalf of N.R.H.A. as its agent to enter contracts for N.R.H.A.,

to manage the properties of N.R.H.A., and to receive and make payments on behalf of N.R.H.A. where necessary. Pursuant to the authority granted in the Management Agreement, Advantis entered into contracts with the Contractors, on behalf of N.R.H.A., to complete renovations and repairs to N.R.H.A. property. Upon completion of these projects, Advantis sent two separate invoices to N.R.H.A. for the work done by the contractors. The invoices delineated the exact amount due to the contractors for their work and to Advantis for its Management Fee provided for in the Management Agreement.

The funds described as "Management Fees" belong to Advantis, as payment for its performance as N.R.H.A.'s agent with respect to these contracts. However, the invoice designates the remaining money to be paid through Advantis to a roofing repair company. This money was paid over to Advantis for the specific purpose of making payments to the Contractors on N.R.H.A.'s behalf. N.R.H.A. argues, and the court agrees, that this money was held by Advantis in trust, for a specific purpose, and Advantis was not permitted to use the money in any manner other than that provided for in the specific invoices, payment of the Contractors.

The Court finds the ownership of these funds is further established because N.R.H.A. retained control over the funds even after they were in the hands of Advantis. By July 20, 2009, Advantis had not yet made payments to the contractors based on the invoices received and paid by N.R.H.A. in May and June 2009. On July 17 and 20, 2009, N.R.H.A. sent Cure Notices to Advantis demanding that Advantis transmit the required payments to the contractors. The Cure Notice makes it apparent that N.R.H.A. and Advantis contemplated this payment scheme, and, upon receipt of the funds in dispute, Advantis was to make payment to the Contractors for the specified purpose stated in the invoices. At no point did these funds belong to Advantis; therefore, under the Deposit Account Control Agreement, St. Joe cannot properly seize them.

The argument put forward by St. Joe that N.R.H.A. is an unsecured creditor is not supported by the stipulated facts in this case. Unlike funds held in the hands of a debtor, Advantis had no legal rights to these funds, $115,343.06 in total. It was not permitted to spend this money in any manner, other than to make payment to the contractors for their completed work. Advantis would not have been permitted to use these funds to pay other creditors or to invest it in any other manner; the sole purpose of these funds was to provide payments to the contractors for the work completed on N.R.H.A.'s property.

While it is true that St. Joe is a perfected secured creditor under the Deposit Account Control Agreement, this only permits St. Joe to lawfully gain access to funds that are the property of Advantis, the debtor, and not property belonging to other parties. The funds in dispute, $115,343.06, never in fact belonged to Advantis and, at all relevant times, were the

property of N.R.H.A. with instructions for Advantis to hold in trust and pay the Contractors for the completion of specified renovations.

## IV. *Conclusion*

Based on the foregoing analysis, the Court grants the Motion for Summary Judgment in favor of N.R.H.A. on Count 1 (Constructive Trust) and Court 2 (Unjust Enrichment) and denies the Motion for Summary Judgment for St. Joe Company on both Count 1 (Constructive Trust) and Count 2 (Unjust Enrichment).