# CIRCUIT COURT OF LOUDOUN COUNTY

Government Strategy
and Technology, L.L.C.

v.

Veronica O'Donnell et al.

January 12, 2012

Case No. (Civil) 67664

By Judge Burke F. McCahill

This matter came before the Court on the defendants' motion to reconsider the Court's ruling on their demurrer. Plaintiff filed a memorandum in opposition to the defendant's motion to reconsider on January 4, 2012. The Court now finds as follows.

On November 4, 2011, the Court heard argument on the defendants' demurrer to the plaintiff's complaint. That morning, the Virginia Supreme Court issued its decision in *Home Paramount Pest Control Companies, Inc. v. Shaffer*. See *Home Paramount*, 282 Va. 412, 718 S.E.2d 762, 2011 Va. LEXIS 222 (2011). This Court overruled the defendants' demurrer with respect to Counts I, II, III, and VI and sustained the demurrer with respect to Counts IV and VIII as they pertain to Defendant Veronica O'Donnell. An Order reflecting the Court's ruling was entered on November 28, 2011.

Defendants ask the Court to reconsider its ruling with respect to Counts I and VI of the plaintiff's complaint in light of the *Home Paramount* decision. In *Home Paramount*, the Virginia Supreme Court upheld the decision of the Fairfax Circuit Court to grant the defendants' plea in bar, finding that the non-compete clause at issue was overbroad and therefore unenforceable. *Id.* at 13. To establish that a non-compete clause is enforceable, an employer must prove that it "is narrowly drawn to protect the employer's legitimate business interest," that it "is not unduly burdensome on the employee's

ability to earn a living," and that it "is not against public policy." *Id.* at 3 (quoting *Omniplex World Servs. Corp. v. US Investigations Servs., Inc.*, 270 Va. 246, 249, 618 S.E.2d 340 (2005). In evaluating whether the employer has met its burden, the Court must "consider the `function, geographic scope, and duration' elements of the restrictions." *Id.* at 3 (quoting *Simmons v. Miller*, 261 Va. 561, 581, 544 S.E.2d 666 (2001)). The Court specifically found that, "[b]ecause Home Paramount did not confine the function element of the [non-compete clause] to those activities it actually engaged in, it bore the burden of proving a legitimate business interest in prohibiting Shaffer from engaging in all reasonably conceivable activities while employed by a competitor." *Id.* at 8-9. The Court also noted that, because Home Paramount did not argue that the non-compete clause was ambiguous, it could not alter the scope of the function element "by extrinsic and extraneous evidence to mean something narrower than its clear language" and that Home Paramount "was limited to adducing evidence to prove that the language it chose furthered its legitimate business interests, did not unduly burden Shaffer's ability to earn a living, and was not contrary to public policy." *Id.* at 9.

The Court finds it curious but significant that the non-compete clause in *Home Paramount* was challenged by a plea in bar. A plea in bar allows the parties to put on evidence and for the defendant to prove that a distinct issue of fact bars the plaintiff's right of recovery. See *Hawthorne v. VanMarter*, 279 Va. 566, 577, 692 S.E.2d 226 (2010). The Virginia Supreme Court makes it clear in *Home Paramount* that the only way for the employer to overcome the breadth of the function element of the non-compete clause is to prove a legitimate business interest for the scope of the function element. Because the case was before the trial court on a plea in bar, the employer apparently had an opportunity to put on such evidence. This case, however, is before the Court on a demurrer, and the plaintiff does not have an opportunity to put on evidence to meet its burden of proof. The Court believes that dismissing this case without affording the plaintiff the opportunity to put on evidence would be improper. The Virginia Supreme Court has noted that, "[w]ith increasing frequency, we are confronted with appeals of cases in which a trial court incorrectly has short-circuited litigation pretrial and has decided the dispute without permitting the parties to reach a trial on the merits." *Renner v. Stafford*, 245 Va. 351, 352, 429 S.E.2d 218 (1993). The decision in *Home Paramount*, therefore, does not change the Court's opinion that the defendants' demurrer as to Counts I and VI of the plaintiff's complaint should be overruled.

The Court also takes note of the plaintiff's arguments as to why the non-solicitation clause at issue is reasonable. The Court, however, believes that such arguments are premature and would be more appropriately argued in some other context. The Court now only finds that the plaintiff has properly

alleged a cause of action for breach of contract and a cause of action for tortious interference with contract.

Accordingly, the Court denies the defendants' motion to reconsider the Court's ruling on November 4, 2011, for the reasons set forth above.